PER CURIAM.
Appellees’ motion to dismiss this appeal because of the failure of appellant, plaintiff below, to pay the costs taxed against him in the trial court, the taxing of which is not assigned as error, must be denied.
It is the law and the rule that no appeal may be taken by the original plaintiff until he shall have first paid all costs that have accrued in or about the suit, and have been taxed against him, up to the time the appeal is taken, unless he has assigned as error the taxation of costs and has superseded the order, judgment or decree specifically taxing the same. Section 59.09, Florida Statutes, F.S.A.; Florida Appellate Rule 3.2, subd. f, 31 F.S.A. Although rigorous, the statute and rule will be strictly enforced in the absence of waiver or some other compelling extenuating circumstance.
The final decree herein, entered June 4, 1961, provides, inter alia:
“ * * * the costs of this proceeding are hereby taxed against the Plaintiff, Alfred Frisch and upon the defendants filing herein their cost bill, the Clerk of the Court is directed to issue execution therefor.”
On June 8, 1961, defendants filed their cost bill for $163.70, to which plaintiff filed objections on June 20, 1961, and on the same date filed notice of appeal from the final decree, but did not assign the imposition of costs as error. Thereafter the defendants without objection participated in a hearing before the trial court on plaintiff’s objections to the cost bill, and an order was entered denying the objections.
The motion to dismiss this appeal was filed August 15, 1961, and appellant has filed a responsive pleading thereto from which it appears that on June 6, 1961 — 16 days after the filing of the notice of appeal and consequent to the filing of plaintiff’s directions to the clerk for the making up of the record on the appeal — the appellees, in pursuance of the appeal and without having objected to the failure of appellants to pay the costs, filed additional directions to the clerk for making up' the record. It also appears that within two days after the mailing of appellees’ motion to dismiss the appeal, appellant made legal tender to appellees of the full amount of the costs requested by appellees in their praecipe for costs and that appellees rejected the tender.
Appellant contends that there is no efficient order or decree specifically taxing the costs against him in an amount certain; further-, that the giving by appellees of additional directions to the clerk for the making up of the record on appeal, without having interposed any objection to appellant’s right to maintain the appeal, based on failure to pay the costs, constituted an implied waiver of appellees’ right to insist upon such payment as a condition to the maintenance of the appeal; that these circumstances, coupled with appellees’ refusal to accept appellant’s prompt tender of the costs, renders the motion to dismiss untenable. We agree.
 The final decree herein is insufficient for the purpose of adjudicating costs and no other order was entered imposing upon the plaintiff a judgment for costs for which execution might properly issue. By giving additional directions for making up the transcript of record, without objecting to the proceedings for failure of plaintiff to pay the alleged costs, the appellees tacitly acquiesced in the appeal and waived the subject condition preliminary to the right of appeal.
The motion to dismiss is denied. Appellant will be allowed ten days from the going down of the mandate hereon in which to remit to appellees, or to their attorneys of record for their account, $163.70 in settlement of said costs, failing which this appeal will be forthwith dismissed.
CARROLL, DONALD IC., Chief Judge, and STURGIS and RAWLS, JJ., concur.