147 So.2d 569 (1962)
WOODLEY LANE, INC., an Illinois Corporation, Appellant,
v.
Truly NOLEN, d/b/a Truly Nolen Weatherproofing, Inc.; Truly Nolen, Inc., a Florida Corporation; and H.W. Berryman, Appellees.
No. 3399.
District Court of Appeal of Florida. Second District.
December 14, 1962.
*570 Harry A. Johnston, II, of Gedney, Johnston & Lilienthal, West Palm Beach, for appellant.
Bernard B. Weksler, Miami, for appellees.
SMITH, Judge.
The appellant filed his complaint in an action on a promissory note given by Truly Nolen and endorsed by Truly Nolen, Inc. and H.W. Berryman. The maker and the two endorsers were joined as the defendants pursuant to § 46.11, Florida Statutes, F.S.A. The defendant Truly Nolen filed his motion to dismiss for improper venue. The motion was supported by affidavits to the following effect: that Truly Nolen, the maker of the promissory note, was a resident of Dade County; that the note was executed in Dade County; that the note was unsecured; that one of the endorsers, Truly Nolen, Inc., was a Florida corporation with its principal place of business in Dade County and that the other endorser, H.W. Berryman, was a resident of Palm Beach County. Plaintiff filed an affidavit in opposition to defendants' motion to dismiss, not controverting the facts stated in defendants' affidavit, but stating that the promissory note sued upon was in partial payment for equipment sold to the maker of the promissory note and that said equipment was sold and delivered in Palm Beach County. The court held that venue in this action was not in Palm Beach County and thereupon transferred the cause to Dade County. We affirm.
The applicable sections of the Florida Statutes are: § 46.01, which provides that suits shall be brought only in the county where the defendant resides, or where the cause of action accrued, or where the property in litigation is located; § 46.02, which provides that suits against two or more defendants residing in different counties may be brought in any county in which any defendant resides; § 46.04, which provides that suits against domestic corporations shall be commenced only in the county where such corporation shall have or usually keep an office for the transaction of its customary business, or where the cause of action accrued, or where the property in litigation is located; and § 46.05, which provides that all promissory notes, the payment of which is not secured by a mortgage or pledge of real or personal property, shall be conclusively deemed to have been completely executed, delivered and accepted in the county in which actually signed and the maker resides (regardless of the county in which such instrument might be accepted or approved by the payee, and regardless of any stipulation in such instrument as to the place of payment), and the cause of action thereon shall also be conclusively determined to have arisen, and suit thereon shall be brought, only in the county in which such instrument was actually signed by the maker, or in which the makers reside; and that the section shall be liberally construed in favor of the makers of the above-mentioned instruments.
Appellant contends that, since there is more than one defendant, and since one of these defendants resides in Palm Beach County, it is proper under § 46.02, supra, to bring the action in Palm Beach County, § 46.04 and § 46.05 being superseded in this situation by § 46.02. Appellant cites as an analogous case, Enfinger v. Baxley, Fla. 1957, 96 So.2d 538. There, the plaintiff, a Polk County resident, brought an action for personal injuries in the Circuit Court of Duval County. The cause of action accrued in Polk County. Named as parties defendant were Enfinger, a resident of Polk County, and the Atlantic Coast Line Railroad Company, a foreign corporation having agents and doing business in both Polk County and Duval County. The trial court denied the defendant Enfinger's motion to dismiss for improper venue. Enfinger applied *571 for and was granted a writ of certiorari. The Supreme Court, speaking through Mr. Justice Roberts, made the following statement:
"If Section 46.02, supra, comprehends a corporate defendant and is applicable in a suit against two corporate defendants, as was held in the two cases above-cited [L.B. McLeod Const. Co. v. State, 1932, 106 Fla. 805, 143 So. 594; Inverness Coca-Cola Bottling Co. v. McDaniel, Fla. 1955, 78 So.2d 100], it is equally applicable in a suit against a corporate defendant and an individual defendant, and we so hold."
That statement must be read in the light of the immediate question which then faced the court. After observing that "a corporate defendant `resides', within the meaning of Section 46.02, in the county or counties specified in Section 46.04", and concluding that the Railroad "resided" in Polk County as well as Duval County, the court stated the ultimate question to be decided as: "* * * [W]hether the individual defendant and the corporate defendant reside `in different counties' within the meaning of Section 46.02 * * *." The Court decided that they did not.
In the instant case, we have an altogether different problem, for we are here concerned with an action on an unsecured promissory note. Therefore, we must look to the venue statute which deals specifically with actions on unsecured promissory notes, viz., § 46.05, Florida Statutes, F.S.A. This section gives the maker of a promissory note the right and privilege of being sued in the county in which he made the note and in which he resides.
It is a well settled rule of statutory construction that a special statute covering a particular subject is controlling over a general statutory provision covering the same and other subjects in general terms. In this situation, the statute relating to the particular part of the general subject will operate as an exception to, or qualification of, the general terms of the more comprehensive statute to the extent only of the repugnancy, if any. Adams v. Culver, Fla. 1959, 111 So.2d 665. Where possible, that construction should be adopted which harmonizes and reconciles statutory provisions, and the courts should endeavor to find a reasonable field of operation that will preserve the force and effect of each. Ideal Farms Drainage District v. Certain Lands, 1944, 154 Fla. 554, 19 So.2d 234.
We, therefore, conclude that § 46.05, Florida Statutes, F.S.A., specifically places the venue of this cause of action in Dade County, where the maker signed the note and where he resides; and the fact that one of the defendants, an endorser of the note, resides in Palm Beach County does not place venue in Palm Beach County.
The appellant next contends that venue may lie in Palm Beach County by reason of the fact that this promissory note contains a preamble reciting that the consideration for the note was the equipment sold and delivered in Palm Beach County. Appellant relies upon the case of Producers' Supply, Inc. v. Harz, 1942, 149 Fla. 594, 6 So.2d 375, and the principles established therein. Close scrutiny of the opinion in that case reveals that, although a promissory note had been given to evidence a part of the balance of the account, the cause of action sued upon therein was the account. The declaration was in the common counts. Therefore, that was not an action on a promissory note, and the provisions of § 46.05, Florida Statutes, F.S.A., were not applied.
The order is affirmed.
SHANNON, C.J., and ALLEN, J., concur.