PER CURIAM.
This matter comes on to be heard before’ the court on the appellees’ motion to dismiss this appeal for failure to supersede the order taxing costs against the appellant [the original plaintiff in the trial court].'
In determining this motion, we are required to examine the provisions of Rule 3.2, subd. f,[1] Florida Appellate Rules, and Rule 5.5,[2] Florida Appellate Rules, 31 F.S.A., in order to determine which of said, rules is applicable to an appealing plaintiff who is assigning error in the taxing of costs. In reaching our determination, the rules of court must be construed as statutes are construed. See: Hoodless v. Jernigan, 46 Fla. 213, 35 So. 656; Florida Land Rock Phosphate Company v. Anderson, 50 Fla. 501, 39 So. 392; 2 Fla.Jur., Appeals, § 6. At the outset, it must be noted that Rule 5.5, Florida Appellate Rules, is a general rule whereas Rule 3.2, subd. f is a specific rule and, ordinarily, the specific will prevail over the general. See: Adams v. Culver, Fla.1959, 111 So.2d 665; Woodley Lane, Inc. v. Nolen, Fla.App.1962, 147 So.2d 569; 30 Fla.Jur., Statutes, § 115. We hold that-the time for filing a supersedeas bond, in connection with an assignment of error directed to a cost judgment, is within the time provided by the rules of order of court providing for the filing of an assignment of error. It has previously been held by appellate courts in this State that the appellee may waive his right to move to dismiss an appeal for failure to pay costs, by filing cross-assignments, cross-directions, entering into stipulations or filing his brief. See: Berg v. New York Life Insurance Company, Fla.1955, 81 So.2d 630; Frisch v. Gabriel, Fla.App.1961, 134 So.2d 545; Adams v. Setzer’s Super Stores, Fla.App. 1962, 145 So.2d 893. Therefore, if these cases hold that the appellee may waive his ground for dismissal of a cause at this early stage of an appellate proceeding [such as the time for filing cross-directions] then certainly the appellant must be in default by failing to post the supersedeas.
From a reading o-f the rules, it appears logical that if the appellant is required to pay costs prior to filing an appeal [if he is not going to assign them as error] then, certainly [if he does assign them as error] he should have to post the bond within the time limit for filing his assignments. To adopt the view that Rule 5.5, Florida Appellate Rules, applies would, in effect, bar any appellee from ever having the right to test the propriety of an appellate proceeding for non-payment of costs, because he is required to file his cross-directions, cross-assignments and brief all prior to the time that the record on appeal is lodged in an appellate court, which is the time limit fixed in Rule 5.5, Florida Appellate Rules.
Therefore, finding that the appellant [who was the original plaintiff in the trial court] has failed to pay the costs prior to filing his notice of appeal and has failed to supersede them [even though assigned as error within the time of filing of his assign *84 ments of error], we grant the motion to dismiss.
Appeal dismissed.

. “Payment of Costs by Original Plaintiff. No appeal may be taken by the original plaintiff in any suit or proceeding until lie shall have first paid all costs that have accrued in and about the suit, and have been specifically taxed against him, up to the time the appeal is taken; provided, that nothing contained herein shall require the prepayment of costs by the original plaintiff when he has assigned as error the taxation costs a-nd has superseded the order, judgment or decree specifically taxing the same; provided further, that in those instances where the costs are not settled until after the notice of appeal is filed, the party obligated shall be required to pay the same within ten (10) days upon written demand, otherwise said appeal shall be dismissed upon motion.”

. “Motion and Order for Supersedeas to Stay Final Judgment.
“If a party desires to supersede a final decision, judgment, order or decree, he shall, at the time the appeal is taken, or at any time prior to filing the record-on-appeal in the Court, apply to the lower court for an order fixing the amount, terms and conditions for good and sufficient bond to be payable to the adverse party.”