201 So.2d 762 (1967)
John E. PANZAVECCHIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-939.
District Court of Appeal of Florida. Third District.
August 8, 1967.
*763 Jack J. Taffer, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., BARKDULL, J., and LOPEZ, AQUILINO, Jr., Associate Judge.
BARKDULL, Judge.
Appellant was charged with a violation of § 404.02(4), Fla. Stat., F.S.A. He was convicted and sentenced in a non-jury proceeding and seeks review, contending: First, that the trial judge committed error in failing to grant his motion to suppress evidence obtained as a result of a search warrant, based on an admitted faulty affidavit. Second, that the trial court committed error in receiving the alleged testimony in support of the affidavit upon which the search warrant was issued. Third, that the evidence was insufficient to sustain the conviction.
The search warrant in the instant cause was issued for the search of a dwelling house. It was conceded by the State, and so found by the trial court, that the affidavit upon which the search warrant was issued was insufficient as a matter of law. However, the State contended that, pursuant to the provisions of § 933.06, Fla. Stat.,[1] F.S.A., it had a right to offer additional evidence, which it contended it did before the judge who issued the warrant in support thereof. On this appeal, the appellant contends that going behind this affidavit, upon which the search warrant was issued for search of a dwelling house, violated the provisions of § 933.18, Fla. Stat.,[2] F.S.A. We agree with the appellant.
§ 933.06 and § 933.18, Fla. Stat., F.S.A., were originally enacted at the same Session of the Legislature. § 933.06, Fla. Stat., F.S.A., relates generally to search warrants, and § 933.18, Fla. Stat., F.S.A., relates specifically to the search of a dwelling house. There is no dispute on this record *764 that the premises searched was a dwelling house and the residence of the appellant. We hold that an affidavit in support of a search warrant for a dwelling house must show probable cause on the face thereof and that the State is not permitted to support the affidavit with additional evidence, as permitted by § 933.06, Fla. Stat., F.S.A. It is reasonable to assume that the Legislature intended, when it enacted the original statutes [which were the forerunners of the present sections] to require a more strict procedure for obtaining the search of a dwelling house than the procedure to be available for general searches. It has long been established that a man's home is his castle [see: Jackson v. State, 87 Fla. 262, 99 So. 548; Cooper v. State, 106 Fla. 254, 143 So. 217; Thurman v. State, 116 Fla. 426, 156 So. 484] and it would be an encroachment on this right of peaceable possession, guaranteed by § 22, Declaration of Rights, Constitution of Florida, F.S.A., to condone the issuance of a search warrant under circumstances as indicated herein. Further, it is a general rule of statutory construction that when the Legislature enacts two laws relating to the same general subject matter, one specific and one general, the specific will control over the general. See: Adams v. Culver, Fla. 1959, 111 So.2d 665; St. Joe Paper Company v. Ray, Fla.App. 1965, 172 So.2d 646. It is apparent that the Legislature was not content to rely on this general proposition as, in § 933.18, Fla. Stat., F.S.A., it specifically provided: "No search warrant shall issue under this chapter or under any other law of this state to search any private dwelling * * *" unless based upon an affidavit in accordance with this section.
Because of our finding that the trial judge committed error in receiving evidence allegedly given to the judge who issued the search warrant in support of the affidavit, the second point relied on by the appellant is moot. And, we do not reach a consideration of the third point because of our determination that the trial court erred in the first instance on the motion to suppress.
Therefore, the judgment of conviction is hereby set aside, and this cause is remanded to the trial court for the purpose of a new trial.
Reversed and remanded with directions.
NOTES
[1] "§ 933.06 Sworn application required before issuance.  The judge or magistrate must, before issuing the warrant, have the application of some person for said warrant duly sworn to and subscribed, any may receive further testimony from witnesses or supporting affidavits, or depositions in writing, to support the application. The affidavit and further proof, if same be had or required, must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist."
[2] "§ 933.18 When warrant may be issued for search of private dwelling.  No search warrant shall issue under this chapter or under any other law of this state to search any private dwelling occupied as such * * *.

* * * * *
No warrant shall be issued for the search of any private dwelling under any of the conditions hereinabove mentioned except on sworn proof by affidavit of some creditable witness that he has reason to believe that one of said conditions exists, which affidavit shall set forth the facts on which some reason or belief is based."