SPECTOR, Judge.
This is an interlocutory appeal from an order denying the defendants’ motion for change of venue in an action on a promissory note. In addition, appellants also urge as error the trial judge’s order denying their motion to dismiss the complaint.
The latter question raised by appellants is not one which can be considered by this Court in an interlocutory appeal since this is an action at law, and said question does not relate to jurisdiction over the person or venue. Accordingly, we expressly decline to rule on that question for want of jurisdiction to do so. Florida Appellate Rule 4.2, subd. a, 32 F.S.A.
As to the remaining question concerning venue, the complaint alleges that the defendant corporation (which is not a party to this appeal) executed and delivered its note to the appellee bank in the amount of $15,000 in 1960. Said note was endorsed by the individual defendants who are appellants here. The record further indicates that at the time of the making and endorsing of the $15,000 note, the corporate defendant and the two individual endorsers were residents of Marion County, Florida. Thereafter, renewal notes were executed and endorsed by the respective parties from time to time, the last of which renewal notes was on August 8, 1966, in the amount of $5,025.37, which is the principal amount sued for. It appears that the amount of the original note of $15,000 has been reduced down to the sum sued for.
Appellants’ motion to dismiss on the ground of improper venue alleged and was supported by affidavit to the effect that the note sued upon in the amount of five thousand odd dollars was made in Dade County, Florida, and that at the time of the making of said note, all of the defendants were residents of Dade County, Florida, and that by reason of such residential circumstances, the defendants were entitled to be sued in the county in which the note was made and in which they reside. In support of their contentions, the appellants rely on Woodley Lane, Inc. v. Nolen, 147 So.2d 569 (Fla.App.2d 1962). An examination of Woodley indicates the facts there to be distinguishable from those in the instant cause.
*44 In Woodley Lane, Inc., suit was brought on a note that was made in Dade County by a resident of that county and was endorsed by a Dade resident and a second endorser who resided in Palm Beach County. Suit was brought in Palm Beach based on the residence there of the second endorser, but the court held that venue was properly in Dade County. The court’s ruling in Woodley Lane was predicated upon its interpretation of the applicable venue statute, Section 46.05, Florida Statutes, F.S.A., which provides that suits on all unsecured promissory notes shall be brought only in the county in which such instrument was actually signed by the maker or in which the maker resides.
Appellants’ view that the case at bar is controlled by Woodley Lane, supra, is based on the erroneous assumption that the complaint herein is on only the renewal note, which admittedly under the record before us was made in and by residents of Dade County. However, the claim sued upon is not limited to the renewal note. The complaint also alleges the execution in Marion County of the original note. The affidavit in opposition to the appellants’ motion to dismiss alleges that at the time said original notes was made, the makers and the endorsers resided in Marion County. These facts were not controverted by appellants.
 That the renewal note was made in Dade County by Dade County residents is not controlling since it seems to be the well established rule of this jurisdiction that a renewal note does not discharge an earlier note in absence of agreement. This rule was stated in Cheves v. First National Bank of Gainesville, 79 Fla. 34, 83 So. 870, 872, as follows:
“The execution of a note in renewal of a previous one is not a payment of such prior note, nor the creation of a new indebtedness, unless there is an express agreement to that effect by the parties.”
Accordingly, the application of the rule above quoted results in the continued existence of the original note; and since such original note was sued on in the complaint, it follows that under the holding in Wood-ley Lane, Inc., supra, the plaintiff was free to elect venue where the note sued upon was signed or where the maker resided. As to the original note, the plaintiff was thus free to lay venue in Marion County where that note was signed.
There being no demonstration of error by the trial court in the entry of the order appealed, this
Interlocutory appeal is dismissed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.