PER CURIAM.
Appellants, who were defendants in the trial court, seek review by interlocutory appeal of an order denying their motion to dismiss the complaint for improper venue or, in the alternative, to transfer the action to the Circuit Court of Orange County for further proceedings.[1]
This action was instituted in the Circuit Court of Bay County. In support of their motion appellants filed an affidavit averring that the promissory note sued upon was signed by them as makers in Orange County where all of appellants reside and, therefore, the proper venue of the action is Orange County.[2]
In opposition to the motion filed by appellants, appellee filed an affidavit executed by one of its officers averring that the indebtedness for which judgment is sought in this action grew out of a building construction and real estate transaction between the parties which was consummated in Bay County and was originally evi *67 denced by a promissory note made and signed in Bay County but which was later replaced by the substitute promissory note sued upon in this action.
We find this appeal to be without substantial merit so the challenged order is affirmed and the appeal dismissed.[3]
JOHNSON, C. J., and WIGGINTON and SPECTOR, JJ., concur.

. Rule 1.060(b), R.C.P., 30 F.S.A.

. F.S. § 47.061, F.S.A.
“Actions on unsecured negotiable or nonnegotiable promissory notes shall be brought only in the county or district in which such notes were signed by the maker or one of the makers, or in which the maker resides or one of the makers resides. When any such note was signed by the makers in more than one county or district action may be brought thereon in any such county or district. This section shall be liberally construed in favor of the makers of such notes.”

. Papy v. Munroe and Chambliss Nat. Bank of Ocala (Fla.App.1967) 204 So.2d 42.