280 So.2d 57 (1973)
AIRLIFT INTERNATIONAL, INC., a Florida Corporation, Appellant,
v.
William R. BOYD and First National Bank of Bay Harbor Islands, Appellees.
No. 72-1206.
District Court of Appeal of Florida, Third District.
July 3, 1973.
*58 Sibley, Giblin, Levenson & Ward, Miami Beach, for appellant.
Horton & Perse, Miami, Broad & Cassel and Lewis I. Horwitz, Miami Beach, for appellees.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Defendant-appellant appeals an adverse final judgment entered pursuant to a motion to set aside the jury verdict and to have judgment entered in accordance with plaintiff's motion for directed verdict.
On February 1, 1968 plaintiff-appellee,[1] William Boyd, entered into a five year employment contract with the defendant-appellant, Airlift International, Inc. Paragraph 3(b) of the contract relevant to the case sub judice is as follows:
"3. EXTENT OF SERVICES
* * * * * *
"(b) In the event that Airlift's directors or stockholders should by appropriate action duly taken in accordance with Airlift's Certificate of Incorporation, By-Laws, and the law of Florida, relieve Boyd of his duties as herein provided, Airlift shall nonetheless continue to pay Boyd and/or his personal representative or other designee (as hereinafter provided) his basic compensation for the balance of the term of this agreement; provided, however, that in the event of being so relieved, Boyd shall not be an officer or director of another corporation or other entity engaged in the same business as that of Airlift (i.e., a scheduled cargo carrier and contract passenger carrier) for the balance of the term of this agreement. For purposes of this Paragraph 3(b), a certificated trunk carrier will not be considered to be a corporation or other entity engaged in the same business as that of Airlift."
In a letter[2] dated August 25, 1969 defendant-appellant, Airlift International, Inc., terminated plaintiff's employment pursuant to paragraph 3(b) of the employment contract. For 16 months thereafter, plaintiff-appellee continued to receive his salary checks through and including December 31, 1970, after which defendant discontinued sending them. Plaintiff filed suit and sought $95,632.57 as the balance due under the terms of the contract. Appellant alleged that prior to appellee's termination, an oral agreement had been entered into whereby Airlift agreed to pay plaintiff Boyd 50% of the balance due under the contract *59 in equal monthly installments in order to compromise and settle any claim Boyd might assert under the employment contract. Defendant-appellant also asserted that plaintiff-appellee had misrepresented his ability and experience to handle the position for which he was employed and counter-claimed on this ground for breach of contract. At the trial, Airlift International, Inc. was not permitted to examine the plaintiff regarding the alleged oral agreement leading up to the letter of termination of August 25, 1969. The jury awarded plaintiff $48,000. Thereafter, the court granted plaintiff's motion for directed verdit against Airlift on its counterclaim, granted his motion to set aside the jury verdict, and then entered judgment in his favor in the amount of $95,632.57.
On appeal, appellant argues that the trial court was in error in refusing to allow testimony to be elicited by Airlift International, Inc. to show the circumstances surrounding the execution and delivery of the letter of termination and the oral settlement agreement reached between Boyd and Airlift prior to the delivery of the letter.
The letter of August 25, 1969 is clear that plaintiff's employment was being terminated pursuant to paragraph 3(b) which entitled plaintiff to his basic compensation for the balance of the term of the contract.
Further, it is well established that the terms of a valid written instrument cannot be varied by a verbal agreement or other extrinsic evidence where such agreement was made before or at the time of the instrument in question. This rule prohibits the use of parol evidence as in the case at bar to contradict, vary, defeat, or modify a complete unambiguous written instrument or to change, add to, or subtract from it, or affect its construction. See 13 Fla.Jur. Evidence § 383 (1957) and cases cited therein. Thus, the trial judge was eminently correct in not allowing the appellant to examine the plaintiff regarding the alleged oral agreement surrounding the execution of the employment termination letter.
We also noted that the preamble[3] to the employment contract recites plaintiff's experience as a competent executive and his forfeiture of substantial salary and accrued benefits to accept employment with the defendant-appellant, Airlift International, Inc., and, therefore, it would not be unusual to find a contract provision like 3(b) under the circumstances in the instant case.
In light of the above, we hold that appellant's argument must fail.
We have considered appellant's remaining points on appeal and find them to be without merit.
Accordingly, the judgment herein appealed is hereby affirmed.
Affirmed.
NOTES
[1] The interest of plaintiff-appellee, First National Bank of Bay Harbor Islands is merely as a collateral assignee of the rights of plaintiff-appellee, William Boyd.
[2] "Dear Mr. Boyd:

"Pursuant to paragraph 3(b) of the employment agreement dated February 1, 1968 between Airlift International, Inc. and you, the Board of Directors of the Company at a duly convened meeting has determined that effective immediately, you are hereby relieved of all duties and responsibilities on behalf of the company."
[3] "WHEREAS, Boyd has had extensive experience as Executive Vice-President for many years of World Airways, Inc. and in his present capacity as Vice-President of Continental Airlines, Inc., and that experience has been in areas of particular interest to Airlift; and

"WHEREAS, Airlift has a real need for an executive of Boyd's experience and considers it to be in its best interest and that of its stockholders to secure Boyd's services for the corporation for a fixed period of years; and
"WHEREAS, Boyd has been earning a substantial salary and has accrued substantial other benefits which he will have to forfeit in order to accept employment with Airlift; and
"WHEREAS, as an additional incentive to Boyd to forego his present valuable position and to accept such employment, Airlift desires to enter into this agreement with Boyd and to grant him an option to purchase a substantial number of shares of Airlift stock."