QUESTION:
Should interest income earned from moneys in the court registry as a result of condemnation proceedings be deemed to be income of the office of the circuit court clerk pursuant to s. 28.33, F.S.?
SUMMARY:
Interest earned on investment of moneys deposited in the registry of the court in eminent domain actions pursuant to s. 74.051, F. S., is to be credited to the secondary road fund of the county. Interest accruing from such investments is not income of the office of the clerk of the circuit court investing such moneys. Section 74.051 is not repealed by implication by the provisions of s. 28.33, F.S., but acts as an exception to, and controls over, the general provisions of s. 28.33 to the extent of any possible repugnancy.
Section 74.051, F.S., in part provides that in an eminent domain action the order of taking is effective upon the deposit of the required amount in the court registry. The clerk is authorized to invest such deposits so as to earn the highest interest obtainable under the circumstances in state or national financial institutions in Florida insured by the federal government, and any interest earned is to be credited to the secondary road fund of the county. The above provision was added to s. 74.051 by s. 1, Ch. 70-365, Laws of Florida.
However, s. 1, Ch. 73-282, Laws of Florida, states that all interest accruing from investment of moneys deposited in the court registry and investment of county funds in designated depository banks in interest-bearing certificates shall be deemed to be income of the office of the clerk and is to be deposited in the same accounts as are other fees and commissions of the clerk's office. The clerk is required to annually report to the county commission the total interest earned on all investments during the preceding year.
Section 74.051(3), F.S., authorizes the clerk to invest moneys deposited in the court registry pursuant to an order of taking in state or federal financial institutions in Florida which are insured by the federal government. Section 665.321, id. supplements s. 74.051 by empowering public officials, e.g., circuit court clerks, to also invest funds held by them in savings accounts of savings associations which are under state supervision and in accounts of federal associations organized under the laws of the United States and under federal supervision. The Savings Association Act, Ch. 665, id., defines a financial institution as a thrift institution, commercial bank, or trust company. Section 665.021(7). A "thrift institution" is further defined to include an "association, a savings and loan association . . . a federal savings association and a federal savings and loan association." Section 665.021(23). An "association" is defined at s. 665.021(1) as a savings association or savings and loan association subject to the provisions of Ch. 665. Thus, it is apparent that the two statutes in question, s. 74.051 and s. 28.33, F.S., differ in regard to where investment of court registry funds may be made and the type of obligation or accounts such funds may be invested in. Section 28.33 requires the investment of court registry funds in "interest-bearing certificates" issued by depository banks, i.e., bank certificates of deposit, whereas s. 665.321 authorizes the investment of such funds in savings accounts of state and federal savings associations, i.e., in the savings liability of such associations.
It is well established that before a court may declare that one statute amends or repeals another by implication, there must exist a positive and irreconcilable repugnancy between the laws as to indicate that the latter statute was intended to prescribe the only rule which should govern and that there is no field in which the provisions of the statute first in point of time can operate lawfully without conflict. Miami Water Works Local No. 645 v. City of Miami, 26 So.2d 194 (Fla. 1946). Further, a legal presumption exists that the legislature did not intend to keep on the statute books contradictory enactments or to repeal a law without expressing such an intent and an interpretation leading to such a result should not be adopted unless inevitable. City of St. Petersburg v. Pinellas County Power Co., 100 So. 509 (Fla. 1924). Since the two statutes in question are not in irreconcilable conflict with one another and may operate lawfully without conflict, it can not be said that s. 74.051(3), supra, was impliedly repealed by the enactment of s. 28.33, supra.
Additionally, s. 74.051(3), id., deals specifically with the investment of moneys and interest earned thereon from particular deposits in specific actions, while s. 28.33, supra, concerns generally all moneys deposited into the court registry in any legal action or proceeding and the deposition of interest earned on the investment of county funds as well as deposits in the registry of the court. When the legislature enacts two laws relating to the same general subject matter, one specific and one general, the specific will control over the general. Panzavecchia v. State, 201 So.2d 762 (3 D.C.A. Fla., 1967). As such, the provisions of s. 74.051(3) act as an exception or qualification of the general statute on the same subject, i.e., s. 28.33, to the extent of any possible repugnancy. Adams v. Culver, 111 So.2d 665
(Fla. 1959); Woodley Lane Inc. v. Nolen, 147 So.2d 569 (2 D.C.A. Fla., 1962).
Therefore, I am of the opinion that s. 74.051(3), id., acts as an exception to s. 28.33, F.S., and was not repealed by implication by the enactment of s. 28.33 and interest earned on the investment of moneys deposited in the court in eminent domain actions pursuant to s. 74.051 is to be credited to the secondary road fund of the county.