QUESTION: Should income from the investment of funds deposited in the registry of the court in connection with eminent domain proceedings in Orange County accrue as income of the clerk's office or be accredited to the secondary road fund of the county under Ch. 70-836 and Ch. 70-365, Laws of Florida?
SUMMARY: Chapter 70-365, Laws of Florida (s. 74.051[3], F.S.), requiring the income from investments of funds deposited in the registry of the court in connection with eminent domain proceedings to be credited to the secondary road fund of the county, supersedes to the extent of the conflict the provisions of Ch. 70-836, Laws of Florida, authorizing the Circuit Court Clerk of Orange County to invest court registry funds in interest-bearing time deposits and to treat the income therefrom as income of the clerk's office. Chapter 70-365, supra (s.74.051[3], F.S.), is a general law applying to the investment of funds deposited in the court registry in connection with eminent domain proceedings. It authorizes the circuit court clerks of this state to invest such funds in interestearning accounts and provides that "[a]ny interest earned shall be credited to the secondary road fund of the said county." It became a law on July 8, 1970. Chapter 70-836, Laws of Florida, is a special law applicable only to Orange County. It authorizes the circuit court clerk to invest court registry funds "in interest bearing time deposit in any designated depository as provided by Chapter 43, Florida Statutes, 1967" and provides that all interest accruing therefrom "shall be deemed income of the office of the clerk of the circuit court of Orange County. . . ." It became a law on June 19, 1970. I have recently considered a somewhat similar question in AGO 074- 42. It was there ruled that the provisions of s.74.051(3), supra, took precedence over a general law, Ch. 73-282, Laws of Florida (s. 28.33, F.S.), authorizing the circuit court clerks of this state to invest county funds and court registry funds in interest-bearing certificates and to deposit the income from such investments in the same accounts as are other fees and commissions of the clerk's office as income of the office. Pointing out that s. 74.051(3) deals specifically with the investment of a particular type of fund deposited in the registry of the court and that s. 28.33 was concerned generally with the investment of all court registry as well as county funds, it was said: When the legislature enacts two laws relating to the same general subject matter, one specific and one general, the specific will control over the general. Panzavecchia v. State,201 So.2d 762 (3rd D.C.A. 1967). As such the provisions of s. 74.051(3), id., act as an exception or qualification of the general statute on the same subject, i.e., Ch. 73-282, id., to the extent of any possible repugnancy. Adams v. Culver, 111 So.2d 665 (Fla. 1959); Woodley Lane Inc. v. Nolen, 147 So.2d 569 (2nd D.C.A. 1962). The statutes interpreted in AGO 074-42 were both general laws — one enacted in 1970 and one in 1973; and, as noted above, it was ruled that the 1970 act dealing specifically with a subject covered generally by the 1973 act was not repealed by the later act and would operate as an exception to the 1973 general law to the extent of any inconsistency. Here, the inconsistency with the 1970 act is generated by a special law adopted at the same session of the Legislature to authorize the Orange County Circuit Court Clerk to invest all court registry funds "in interest-bearing time deposit in any designated depository as provided by Chapter 43, Florida Statutes, 1967. . . ." A circuit court clerk had no general-law authority in 1967 to invest court registry funds in interest-bearing accounts; and an attempted authorization in this respect made by the Legislature in 1970 by Ch. 70-31, Laws of Florida, was, for all practical purposes, of no force and effect because of a proviso in the statute that the funds so invested "must be fully available for withdrawal on demand" and a federal regulation which prohibited the payment of interest on demand deposits. Attorney General Opinion 070-108. Chapter 70-31 provided that the income from the investments should go to the general fund of the county. It became a law on May 19, 1970. Generally, the presumption is that a general act does not repeal a local or special statute. As stated in the oft-cited case of American Bakeries Co. v. Haines City, 180 So. 524, 532 (Fla. 1938), The intent of a general statute to repeal or supersede a special statute relating to a particular municipality will not be implied unless the repugnancy between their provisions is so irreconcilable that no reasonable field of operation for either can be found without trenching on the ground covered by the other, or when the manifest intention of the later enactment is to revise the whole matter covered by disconnected general and special enactments, to furnish a substitute for all, and to introduce a new and exclusive rule upon the subject. When the several 1970 acts referred to above are considered together, it seems clear that the 1970 Legislature intended to give general authority to all circuit court clerks of this state to invest court registry funds in interest-bearing accounts, with the income therefrom going to the county; however, in Orange County, the income was to be treated as income of the clerk's office. But as to those funds which were deposited in connection with eminent domain proceedings — and which were dealt with specifically by the 1970 statute latest in point of time — it must be concluded under the rules referred to above that the Legislature intended to provide an "exclusive rule" as to these funds which superseded not only the 1970 and 1973 general laws dealing with the investment of court registry funds, as ruled in AGO 074-42, but also the 1970 special law providing generally for the investment of court registry funds in Orange County.