QUESTION: May a mother who aids her son in perpetuating an escape be charged under s. 776.03, F.S., or s. 843.12, F.S.?
SUMMARY: Section 843.12, F.S., having not excepted those relationships found in s. 776.03, F.S., prohibits anyone from aiding a person in escaping, attempting to escape, or who has escaped. The statutes, respectively, provide as follows: 776.03 Accessory after the fact. — Whoever, not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity to the offender, maintains or assists the principal or accessory before the fact, or gives the offender any other aid, knowing that he has committed a felony or been accessory thereto before the fact, with intent that he shall avoid or escape detection, arrest, trial or punishment, shall be deemed an accessory after the fact, and shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. 843.12 Aiding escape. — Whoever knowingly aids or assists a person in escaping, attempting to escape, or who has escaped, from an officer or person who has or is entitled to the lawful custody of such person, is guilty of a felony of the third degree, punishable as provided in s.775.082, s. 775.083 or s. 775.084. A comparative examination of the two statutes reveals that s. 776.03, F.S., proscribes conduct which, under certain circumstances, constitutes being an accessory after the fact. These circumstances are: A person not related in any of the stated degrees; who gives aid; to a felony offender; knowing that he has committed a felony; with the intent of avoiding detection and punishment. See State v. Taylor,283 So.2d 882 (4 D.C.A. Fla., 1973). Of critical importance is the fact that an offense has already been committed. Section 843.12, F.S., prohibits any person to aid another: To escape; attempt to escape; or who has escaped. It is at once clear that in the first two instances, the person giving aid is actually engaging in the commission of an offense. It is only in the last situation that any similarity of application between the two statutes arises. To that extent, therefore, there redounds the necessary comparison between s. 776.03, F.S., generally, and the last specifically mentioned situation in s. 843.12, F.S., generally, and the last specifically mentioned situation in s. 843.12, F.S. Both of the above statutes were originally passed by the same session of the Legislature in 1868. The gist of each appears to be a proscription against aiding and abetting — s. 776.03, F.S., involves generally any felony which has been committed and s. 843.12, F.S., speaks in one situation specifically to an escape which has been committed.
It is reasonable to assume that the Legislature intended, when it enacted these statutes, for each to have a purposeful field of operation. Further, it is a general rule that when the Legislature enacts two laws relating to the same general subject matter, one specific and one general, the specific will control over the general. Panzavecchia v. State, 201 So.2d 762 (3 D.C.A. Fla., 1967). In such a situation the statute relating to the particular part of the general subject will operate as an exception to or qualification of the general terms of the more comprehensive statute to the extent only of the repugnancy, if any. Adams v. Culver, 111 So.2d 665 (Fla. 1959). Accordingly, I am of the opinion that in order to give effective meaning to the intent of the Legislature in an effort to reach a harmonizing interpretation of the two acts, one must conclude that the familial exceptions found in s. 776.03, F.S., do not apply to a situation involving a completed escape. Had the Legislature desired to similarly except those relationships it obviously would have done so. Therefore, in response to your specific example, a mother who aids her son in perpetuating an escape would be in violation of s. 843.12, F.S., and punishable accordingly.