DOWNEY, Judge.
This is an interlocutory appeal from an order denying appellant’s motion for change of venue.
Appellee Ralph Greco sued appellant and her husband in Broward County, Florida upon a promissory note. The unsworn complaint alleged that appellants executed and delivered the note in Broward County. Appellant’s sworn motion for change of venue stated that appellant was currently a resident of Sumter County and that she signed the unsecured promissory note in Sumter County. Appellee Ralph Greco responded with an affidavit which in pertinent part stated that he resided in Bro-ward County and that the note was payable in Broward County.
The trial court denied the motion for change of venue citing Gorman v. Royal American Construction Company, Inc., Fla.App.1971, 247 So.2d 66.
If the contract out of which this suit arose were one other than upon an unsecured promissory note the trial court would have been correct in concluding that the venue as laid in Broward County was proper because payment was to be made in Broward County. Section 47.011 F.S.1973, Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); Baruch v. W. B. Haggerty, Inc., 137 Fla. 799, 188 So. 797 (1939).
However, we are here dealing with an unsecured promissory note so that the question of venue is controlled not by § 47.011, supra, but by § 47.061 F.S.1973. That section provides, inter alia, that suits on unsecured promissory notes shall be brought only in the county in which such notes were signed by the maker or in which the maker resides. The proof here is that the note was signed in Sumter County and appellant resides in Sumter County. Thus, Sumter County' is the proper venue for this suit.
In our judgment the trial court’s reliance upon Gorman v. Royal American Construction Company, Inc., supra, is misplaced. This case is controlled by Woodley Lane, Inc. v. Nolen, Fla.App.1962, 147 So.2d 569.
The order appealed from is reversed and the cause is remanded with instructions to transfer the case to Sumter County.
Reversed and remanded.
OWEN and MAGER, TJ., concur.