RAWLS, Acting Chief Judge.
Appellant, Cousins Mortgage and Equity Investments, appeals from an order denying its motion to dismiss the complaint upon the grounds of improper venue.[1]
Appellee, The Florida First National Bank at Pensacola, sued Cousins upon a promissory note in the sum of one million dollars. The note was executed in Atlanta, Georgia, on behalf of Cousins by its senior vice president and treasurer. Likewise, subsequent renewals of the note were executed in Atlanta. The note, and renewals thereof, is payable in Pensacola, Florida. Cousins was authorized to do business and had done business in Pensacola, Escambia County, Florida. It is upon the foregoing facts that Cousins relies upon the following special venue statute, viz:
“47.061 Action on promissory notes, etc. —Actions on unsecured negotiable or nonnegotiable promissory notes shall be brought only in the county in which such notes were signed by the maker or one of the makers or in which the maker or one of the makers resides. When any such note was signed by the makers in more than one county, or district, action may be brought thereon in any such county. This section shall be liberally construed in favor of the makers of such notes.”
Cousins relies primarily upon Woodley Lane, Inc. v. Nolen [2] wherein the Second District Court of Appeal, in construing the cited statute, stated:
“It is a well settled rule of statutory construction that a special statute covering a particular subject is controlling over a general statutory provision covering the same and other subjects in general terms. In this situation, the statute relating to the particular part of the general subject will operate as an exception to, or qualification of, the general terms of the more comprehensive statute to the extent only of the repugnancy, If any.”
Significantly, Woodley involved a controversy among Florida residents as to proper Florida venue for the action upon a promissory note.
Venue is not the same as jurisdiction, and the two must not be confounded.[3] Appellant-defendant Cousins conducts business in the State of Florida, the subject note is held in Florida, and is due and payable in Florida; thus, Cousins is subject to the jurisdiction of this sovereign. Venue statutes are employed solely for the purpose of establishing the situs of a suit. The interpretation of Florida Stat *141 ute 47.061, as urged by Cousins, smacks of establishing jurisdiction and would operate to divest Florida courts of the jurisdiction to try this cause. Such a proposition is clearly erroneous. As Cousins (the maker) does not reside in Florida and the note was not executed in Florida, it is clear that for determining venue of this action Florida Statute 47.061 is not applicable.
Interlocutory appeal dismissed.
MILLS and SMITH, JJ., concur.

.An interlocutory appeal from an order relating to venue is cognizable under Florida Appellate Rule 4.2(a).

. Woodley Lane, Inc. v. Nolen, 147 So.2d 569 (2 Fla.App. 1962).

. 34 Fla.Jur., Venue § 2.