JORGENSON, Judge.
This is an interlocutory appeal from an order denying appellant’s motion for change of venue.[1] For the reasons which follow, we reverse and remand with directions to transfer this cause to Orange County, Florida.
The three-count unsworn complaint alleges that the appellant had executed and delivered certain unsecured promissory notes to plaintiff’s assignor in Dade County, Florida. Payment on the notes was due in Dade County, Florida. Appellee concedes that venue in this case is governed by Section 47.061, Florida Statutes (1979),[2] but argues that Dr. Baker failed to satisfy his burden of pleading and proving facts which would defeat venue as laid.
The only evidence before the trial court on the venue issue is the sworn affidavit of Dr. Baker reciting that the notes were made and delivered in Orange County, Florida, and that he is an Orange County resident. Consistent with the holding of our sister court in Foster v. Greco, 320 So.2d 43 (Fla. 4th DCA 1975), we likewise conclude that in the absence of any other proofs, Section 47.061 is controlling.
Accordingly, we reverse the order of the trial court and remand with directions to enter an order transferring the cause to the circuit court of Orange County, Florida.
Reversed and remanded with directions.

. Dr. Baker’s motion was styled as a motion to dismiss for improper venue which we treat as a motion to transfer. The better practice is a motion to abate or a motion to transfer. See Trawick, Florida Practice and Procedures § 5 7.

. § 47.061, Fla.Stat. (1979), provides:
Actions on unsecured negotiable or nonnegotiable promissory notes shall be brought only in the county in which such notes were signed by the maker or one of the makers or in which the maker or one of the makers resides. When any such note was signed by the makers in more than one county, action may be brought thereon in any such county. This section shall be liberally construed in favor of the makers of such notes.