SCHOONOVER, Judge.
This is an interlocutory appeal from an order denying a motion to transfer venue. We reverse.
Appellee, Fortune Federal Savings and Loan Association, filed an action on a promissory note against the appellant, James J. Searle. The unsworn amended complaint *188 alleged that Searle executed and delivered a promissory note to Fortune Federal in Pinellas County, Florida, and that Searle had defaulted on the note. A copy of the note was attached to the complaint and reflected Fortune Federal’s address as being in Clearwater, which is in Pinellas County, Florida. The note also provided that it was payable in Clearwater, Florida.
Searle filed a motion to transfer venue of the action. In support of his motion he attached an affidavit stating that he resided in Dade County, Florida, and that the promissory note and an ancillary business agreement had been executed in the office of Fortune Federal Savings and Loan in Lee County, Florida. Fortune Federal filed no countervailing affidavit.
The trial court refused to consider Searle’s affidavit on the ground that it attempted to contradict the terms of the promissory note and therefore violated the parol evidence rule. The court denied the motion to transfer and this appeal timely followed.
We agree that parol evidence is inadmissible to vary, contradict, or add to the terms of an unambiguous written instrument. Airlift Int’l., Inc. v. Boyd, 280 So.2d 57 (Fla. 3d DCA), cert. denied, 284 So.2d 698 (Fla.1973). The parol evidence rule, however, does not prohibit the maker of a note from contesting venue in an action where the parties have not, within the instrument, agreed to venue. Searle’s affidavit concerning his residence and place of execution of the promissory note, accordingly, did not violate the parol evidence rule. See generally, Baker v. Huvel, B. V., 420 So.2d 335 (Fla. 3d DCA 1982); Foster v. Greco, 320 So.2d 43 (Fla. 4th DCA 1975); see also, Holiday Truck & Car Sales, Inc. v. Coldewey, 434 So.2d 344 (Fla. 2d DCA 1983). The trial court, therefore, erred in refusing to consider Searle’s affidavit. Upon considering the affidavit, we find the court also erred in denying the motion to transfer venue.
A plaintiff is not required to plead facts in a complaint in support of its selection of venue, and if a defendant desires to contest the venue chosen by the plaintiff, he has the burden of clearly proving the impropriety of the plaintiff’s selection. United Engines, Inc. v. Citmoco Services, Inc., 418 So.2d 409 (Fla. 2d DCA 1982). Searle carried this burden by filing an affidavit establishing that the note had been executed in Lee County, Florida, and that he was a resident of Dade County, Florida. Baker; Foster; see also, Holiday Truck & Car Sales, Inc. Section 47.061, Florida Statutes (1983), provides that suits on unsecured promissory notes shall be brought only in the county in which the maker resides or in which the maker signs the note. Since the uncontroverted evidence presented in Searle’s affidavit indicates that the promissory note was executed in Lee County and that Searle was a resident of Dade County, the trial court erred in denying Searle’s motion to transfer venue from Pinellas County.
We, therefore, reverse and remand with directions to enter an,order transferring the cause to either Lee County or Dade County, Florida.
Reversed and remanded with directions.
DANAHY, A.C.J., and LEHAN, J., concur.