PER CURIAM.
This is an appeal by the defendants Yelv-ington Transport, Inc. and William Harry Lampkin from a non-final order denying the defendants’ motion to set aside two clerk’s defaults. See Fla.R.Civ.P. 1.500(d). We reverse the order under review based on the following briefly stated legal analysis.
First, the defendants, by sworn affidavits, established excusable neglect in failing to timely respond to the complaint filed below by the plaintiff Enrique Hersman. It appears that Yelvington Transport’s vice-president timely forwarded the suit papers herein to its insurer, Nationwide Insurance Co., for the purpose of defending the instant action. Clerical employees at Nationwide, however, misfiled the suit papers and did not engage counsel, as required, to respond to the complaint. Moreover, the vice-president mistakenly advised his employee, William Harry Lampkin, that no action need be taken on Lampkin’s suit papers in view of the prior forwarding of Yelvington’s suit papers to Nationwide. Plainly, the aforesaid clerical error and mistaken impression constitute the requisite excusable neglect under the established case law in this state. Foundation Well Point Corp. of Fla. v. Bauman, 437 So.2d 729 (Fla. 3d DCA 1983), pet. for review denied, 447 So.2d 885 (Fla.1984); Broward County v. Perdue, 432 So.2d 742 (Fla. 4th DCA 1983); Brandt v. Dolman, 421 So.2d 689 (Fla. 4th DCA 1982); County Nat’l Bank of North Miami Beach v. Sheridan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981); Renuart-Bailey-Cheely Lumber & Supply Co. v. Hall, 264 So.2d 84 (Fla. 3d DCA 1972).
Second, the defendants made an adequate showing of a meritorious defense by filing a proposed answer which generally denied the complaint’s allegations of negligence and set up certain affirmative defenses. Although this answer would have been an inadequate showing of a meritorious defense had a final judgment been entered on the clerk’s defaults, Moore v. *1362 Powell, 480 So.2d 187, 139 (Fla. 4th DCA 1985), pet. for review denied, 492 So.2d 1333 (Fla.1986), it was plainly a sufficient showing of a meritorious defense to set aside the clerk’s defaults which were entered below. Moore, 480 So.2d at 139; see also Broward County v. Perdue, 432 So.2d 742 (Fla. 4th DCA 1983).
Third, it is plain that the defendants acted promptly to set aside the clerk’s defaults herein upon learning of same. Brandt v. Dolman, 421 So.2d 689 (Fla. 4th DCA 1982); County Nat’l Bank of North Miami Beach v. Sheridan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981).
Finally, the trial court abused its discretion in refusing to set aside the clerk’s defaults in this case, given the above-stated showing. Somero v. Hendry Gen. Hosp., 467 So.2d 1103 (Fla. 4th DCA), pet. for review denied, 476 So.2d 674 (Fla.1985); Broward County v. Perdue, 432 So.2d 742 (Fla. 4th DCA 1983); Travelers Ins. Co. v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977). The non-final order under review is therefore reversed and the cause is remanded to the trial court with directions (a) to set aside the clerk’s defaults entered below, and (b) to allow the defendants to file their proposed answer to the plaintiff’s complaint.
Reversed and remanded.