## RAY, et al. v FLORIDA POWER & LIGHT COMPANY, et al.

### Case No. 87-4444-CA-T

Fifth Judicial Circuit, Marion County

July 22, 1988

**APPEARANCES OF COUNSEL**

**Steven H. Gray,** for plaintiffs.

**J. Christian Meffert, Shutts & Bowen,** for defendants.

**OPINION OF THE COURT**

THOMAS D. SAWAYA, Acting Circuit Judge.

*ORDER GRANTING MOTION TO SET ASIDE DEFAULT*

THIS CAUSE, having come before the Court on Defendants' Motion to Set Aside Default, and the Court having reviewed the Memoranda and Affidavits submitted by the parties, and being otherwise advised in the premises, hereby finds as follows:

*FACTS:*

Plaintiffs filed a Complaint to establish a public prescriptive ease-

ment over certain properties located in Marion County. The Defendants were served on December 15 and 17, 1987. They were therefore required to file Answers on January 4 and 6, 1988, pursuant to Fla. R. Civ. P. 1.140. A clerical Default was entered against the Defendants on January 22, 1988. The Defendants filed their Motion to Set Aside Default on March 22, 1988.

Defendants were represented by two lawyers which they maintain is the cause for failure to answer in a timely fashion. Their Affidavits establish that a package of papers was mailed from Defendants' attorney, Jay Molyneaux, to Defendants' attorney, Chris Meffert. This package was thought to contain a copy of the Complaint, however attorney Meffert maintains it did not. The package was prepared by a part-time secretary for Mr. Molyneaux who cannot swear to its contents, but only that it was mailed. Attorney Meffert was engaged in various legislative duties on January 5, 6, and 7th, but had previously reviewed the package on December 28, 1987. He acknowledged its receipt on January 8, 1988 through his secretary and saw no need for immediate action since he maintains no Complaint was enclosed. Meffert states that it was not until early February when Mr. Molyneaux requested a copy of the Answer that he knew something was amiss. He contacted opposing counsel to negotiate a setting aside of the Default and subsequently filed the Motion under review when it became apparent that said negotiations would not be successful. Defendants claim excusable neglect, meritorious defenses contained in an Answer, and legislative privilege pursuant to Section 11.111, Florida Statutes.

Plaintiffs counter with the argument that Defendants have failed to allege excusable neglect; failed to properly invoke any legislative privilege; failed to move to set aside the Default when discovered in a diligent manner; and failed to allege any meritorious defenses.

*ANALYSIS:*

It has been the policy of the courts of this state to liberally set aside defaults and to resolve all doubts in favor of the defaulted party. See *North Shore Hospital, Inc. v Barber,* 143 So.2d 849 (Fla. 1962); *County National Bank of North Miami Beach v Sheridan, Inc.,* 403 So.2d 502 (Fla. 4th DCA 1981). The emphasis of current judicial philosophy is to allow an action to proceed on its merits rather than disposing of it on a technicality. *Id.*

The grounds to successful set aside a default are set out in Fla. R. Civ. P. 1.540(b) which have been interpreted to include: (1) excusable neglect due to mistake, inadvertence, or surprise; (2) a showing of a

meritorious defense; (3) diligence in acting to set aside the default. *Gibraltar Service Corp. v Lone and Associates, Inc.,* 488 So.2d 582 (4th DCA 1986). Clerical or secretarial error has been held to be sufficient for a showing of excusable neglect. *Somero v Hendry General Hospital,* 467 So.2d 1103 (Fla. 4th DCA 1985), and the cases cited therein.

The Court holds that the Affidavits submitted by the Defendants' two attorneys and their secretaries establish the issue of secretarial error sufficient to resolve any doubt in favor of Defendants. *See, North Shore* and *Somero, supra.*

Although the Plaintiffs correctly assert that the legislative privilege afforded attorney Meffert by Section 11.111, Florida Statutes, was not complied with because he failed to notify the Court of the legislative session and committee meetings, the Court does hold that his Affidavit reflects that he was attending legislative duties in January and February sufficient to explain his delay in discovering the error. The Court has substantial judicial discretion in determining the sufficiency of such matters. *B/G Amusements, Inc. v Mystery Fun House, Inc.,* 381 So.2d 318 (Fla. 5th DCA 1980).

Plaintiffs further contend that Meffert failed to exercise diligence in moving to set aside the Default. However, noncontroverted allegations by the Defendants' attorneys show that counsel for Plaintiffs and Defendants first negotiated to set aside the Default and filed the instant Motion when these negotiations failed. Substantial judicial discretion shall be exercised in determining the sufficiency of due diligence in setting aside defaults. *B.C. Builders Supply Co. v Maldonado,* 405 So.2d 1345 (Fla. 3d DCA 1981). It is axiomatic that, during negotiations, time periods are tolled. Plaintiffs cannot now take advantage of a delay precipitated by negotiations in which they were participants.

Lastly, Plaintiffs argue that Defendants have not complied with the element requiring a meritorious defense. The Court cannot agree. Plaintiffs are attempting to establish an easement over Plaintiffs' land by prescription. No burden of proof upon a Plaintiff is more burdensome. *Gibson v Buice,* 394 So.2d 451 (Fla. 5th DCA 1981). Incumbering land by adverse possession or prescription requires that the presumptions of law inure to the benefit of Defendants. Moreover, the Defendants have filed an Answer denying Plaintiff's prescriptive use. The Answer tendered by the Defendants is sufficient to establish a meritorious defense. *Avis Rent-A-Car Systems, Inc. v Hercules,* 515 So.2d 418 (Fla. 3d DCA 1987); *Yelvington Transport, Inc. v Hersman,* 513 So.2d 1361 (Fla. 3d DCA 1987).

For the foregoing reasons, Defendants' Motion to Set Aside Default is granted. The Answer previously filed shall be deemed filed as of this date.

DONE AND ORDERED in Chambers at Ocala, Marion County, Florida, this 22nd day of July, 1988.