## JAG ENTERPRISES v E&G ASSOCIATES, INC.

### Case No. 88-057-AP (County Court Case No. 87-3938CC21)

Eleventh Judicial Circuit, Dade County

March 6, 1989

### APPEARANCES OF COUNSEL

**Elizabeth W. Joyce,** Wiseheart & Joyce, for appellant.

**David I. Sisselman,** and **Stuart I. Levin,** for appellee.

Before NADLER, DONNER, ROBINSON, JJ.

### OPINION OF THE COURT

PER CURIAM.

We find no error in the lower court's decision to set aside a default and default final judgment because of insufficient service of process. The main issue relates to interpreting Fla. Stat. Section 83.22(1) which allows service by posting to the premises when a defendant cannot be found within the county.

The plaintiff asserts that the primary corporate officers of the defendant were not located in Dade County and therefore the posting was permitted. Fla. Stat. Section 48.081(1)(d) allows service on a business agent in the absence of officers and directors. Judge Levine found that the plaintiff either had knowledge or should have had knowledge that a business agent was answerable for service. The plaintiff in fact had been collecting rent from such an agent in Dade County and it had a phone number.

We also reject other grounds the landlord raises except the non-dispositive ground that F.S. 48.081 is the exclusive means to serve a corporation. See *Woodley Lane, Inc. v Nolen,* 147 So.2d 569 (2d DCA Fla. 1982).

With a corporate defendant, if any of the persons enumerated in F.S. 48.081(1) are located in the county, an attempt should be made to serve any and all of them.

Affirmed.