111 So.2d 665 (1959)
Kerfert Butler ADAMS, Petitioner,
v.
Richard O. CULVER, Custodian, Florida State Prison, Respondent.
Supreme Court of Florida.
May 8, 1959.
*666 Kerfert Butler Adams, in pro. per.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
ROBERTS, Justice.
This cause is before the court on the respondent's return to a writ of habeas corpus heretofore issued by the court upon the showing made in the petition for the writ, and the petitioner's reply to the return.
As shown therein, an information was filed against petitioner charging that, on April 22, 1958, he "unlawfully did commit a lewd and lascivious act before * * *, a female, aged 11 years, by exhibiting a lewd and pornographic picture in the presence of said minor female, without intent to commit rape." The petitioner plead guilty to the charge, judgment was entered, and he was sentenced under our "indeterminate sentence" statute, § 921.18, Fla. Stat. 1957, F.S.A., to a term of six months to twenty-five years in the state prison. As the basis for his claim of unlawful detention the petitioner contends, in substance, that the information filed against him was insufficient to charge a crime against him under any valid law of this state; and that, even if it was sufficient, the sentence of six months to twenty-five years was excessive. In the return to the writ filed by the Attorney General on behalf of the respondent, it is asserted that the petitioner was correctly charged with a violation of § 800.04, Fla. Stat. 1957, F.S.A.; it is conceded, however, that the sentence is excessive.
Section 800.04, supra, provides that
"Any person who shall handle, fondle or make an assault upon any male or female child under the age of fourteen years in a lewd or lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without intent to commit rape where such child is female, shall be deemed guilty of a felony and punished by imprisonment in the state prison or county jail for not more than ten years." (Italics supplied.)
It is obvious that the information in the instant case was drawn under the italicized portion of the Act. It is equally clear that, in sentencing the petitioner to a maximum of twenty-five years, the trial judge was proceeding under the Child Molester Act, Ch. 801, Fla. Stat. 1957, F.S.A. (yellow supplement), which, inter alia, applies to the offense of "lewd and lascivious behavior." § 801.02, Fla. Stat. 1957, F.S.A. It is not necessary, however, to decide whether the Child Molester Act comprehends a lewd and lascivious act proscribed by § 800.04, since it must be held that the petitioner could not legally be convicted of a violation of § 800.04 upon the charge made in the information filed against him.
As noted above, the information filed against petitioner charged that he committed a lewd and lascivious act "before" a female, aged 11, "by exhibiting a lewd and pornographic picture in the presence of said minor female * * *." By Subsection (1) of § 847.01, Fla. Stat. 1957, F.S.A., as amended by Ch. 57-779, Laws of 1957, "[i]t is declared to be unlawful to * * * show * * * any obscene, lewd, lascivious * * * photograph * * * or any other form of reproduction of any representation devoted principally to the presentation and exploitation of illicit sex, lust, passion, depravity or immorality." This subsection carries a penalty of up to three years imprisonment. Under Subsection (2) of § 847.01, supra, a person who wilfully or knowingly shows such a photograph "to any person under the age of seventeen years" may be sentenced to a maximum of five years in prison. It is apparent that the State has attempted to charge a violation of § 800.04, supra, for which a maximum of ten years imprisonment may be imposed, by the commission of an act denounced by either § 847.01(1) or § 847.01 (2), depending upon the proof, for either of which offenses a less severe penalty is imposed than that prescribed by § 800.04. *667 It must be held, under applicable principles of law, that the State was not authorized to do so.
There are, of course, many cases in which, in committing one crime, an accused necessarily commits another. For example, rape involves fornication, and robbery involves both assault and larceny. Or two criminal statutes may each proscribe some conduct not covered by the other but may overlap in a narrow area; and it has been held that, at least where different proof is required for each offense, a single act or transaction may violate both statutes and the violator may be prosecuted under either. See United States v. Beacon Brass Co., 1952, 344 U.S. 43, 45, 73 S.Ct. 77, 97 L.Ed. 61; Rosenberg v. United States, 1953, 346 U.S. 273, 274, 73 S.Ct. 1152, 97 L.Ed. 1607; United States v. Lamb, D.C. Cal. 1957, 150 F. Supp. 310; Pereira v. United States, 1953, 347 U.S. 1, 9, 74 S.Ct. 358, 98 L.Ed.; cf. Faulkner v. State, 1941, 146 Fla. 769, 1 So.2d 857 (decided prior to the enactment of § 800.04, supra, by Ch. 21974, Laws of 1943). It is a well settled rule of statutory construction, however, that a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms. In this situation "`the statute relating to the particular part of the general subject will operate as an exception to or qualification of the general terms of the more comprehensive statute to the extent only of the repugnancy, if any.'" Stewart v. DeLand-Lake Helen etc., 1916, 71 Fla. 158, 71 So. 42, 47, quoting State ex rel. Loftin v. McMillan, 55 Fla. 246, 45 So. 882; American Bakeries Co. v. City of Haines City, 1938, 131 Fla. 790, 180 So. 524. It has been said that this rule "is particularly applicable to criminal statutes in which the specific provisions relating to particular subjects carry smaller penalties than the general provision." United States v. Zenith Radio Corp., D.C.Ill., 12 F.2d 614, quoted in Robinson v. United States, 8 Cir., 1944, 142 F.2d 431, 432. See also In re Williamson, 1954, 43 Cal.2d 651, 276 P.2d 593; State ex rel. Kearns v. Rindsfoos, 1954, 161 Ohio St. 60, 118 N.E.2d 138, 43 A.L.R.2d 1316; State v. Hickman, 1910, 127 La. 442, 53 So. 680; People v. Haydon, 1951, 106 Cal. App.2d 105, 234 P.2d 720; United States v. Hess, 8 Cir., 1934, 71 F.2d 78; Price v. United States, 5 Cir., 1934, 74 F.2d 120; Iriarte v. United States, 1 Cir., 1946, 157 F.2d 105, 167 A.L.R. 494; Shelton v. United States, 1947, 83 U.S.App. D.C. 32, 165 F.2d 241; United States v. Gross, D.C.Nev. 1958, 159 F. Supp. 316.
Section 800.04, supra, does not attempt to define the conduct that would constitute a lewd and lascivious act. Thus, in order to charge an offense under the statute "it became necessary for the prosecutor to particularly and definitely allege the act committed and aver that it was a lewd and lascivious act, so that the accused would be put on notice and be advised as to the act as to which he must present his defense." State ex rel. Swanboro v. Mayo, 1944, 155 Fla. 330, 19 So.2d 883, 884. The only act alleged in the information in the instant case is the exhibition of a lewd and pornographic picture in the presence of a female, aged 11. Assuming, arguendo, that this is a "lewd or lascivious act" clearly within the intendment of § 800.04, cf. Boles v. State, 1946, 158 Fla. 220, 27 So.2d 293, the fact remains that the exhibition of a lewd and pornographic picture has been specially and explictly dealt with by Subsections (1) and (2) of § 847.01, supra. It follows that, under the principle of law referred to above, the specific statute, alone, is applicable to the offense charged against petitioner.
It does not follow, however, that the petitioner is entitled to be discharged from custody. "Defects in an information are not subject to attack in a habeas corpus proceeding unless the defects are of such magnitude that the information utterly fails to charge any crime or offense under the laws of the State of Florida." Petersen v. Mayo, Fla. 1953, 65 So.2d 48. The fact that petitioner was charged under *668 the wrong statute does not entitle him to discharge from custody in a habeas corpus proceeding when he has, in fact, been charged with and has plead guilty to an offense denounced by another statute. See Anglin v. Mayo, Fla. 1956, 88 So.2d 918; Johnson v. Mayo, Fla. 1954, 75 So.2d 287; Hodges v. Mayo, Fla. 1953, 65 So.2d 750.
Here, the petitioner was charged with and plead guilty to an offense denounced by § 847.01, supra. It is true that the charge was inartificially and, perhaps, defectively drawn under that statute, cf. Reyes v. State, 1894, 34 Fla. 181, 15 So. 875. But it is well settled that habeas corpus cannot be used as a substitute for a motion to quash or for an appeal. Kelly v. State, Fla. 1957, 92 So.2d 172, 174. "Appellate courts are properly reluctant to strike down on habeas corpus proceedings defectively or inartific[i]ally pleaded criminal charges that, if properly and timely attacked in the trial court, would be therein subject to correction by way of the filing of a new and amended information or indictment." State ex rel. Padgett v. Windham, 1935, 120 Fla. 206, 162 So. 501, 502. The charge was sufficiently elaborate to apprise the petitioner of "the nature and cause of the accusation against him," § 11, Decl. of Rights, Fla. Const., F.S.A., and to protect him from subsequent prosecution for the same offense; and he cannot, in these proceedings, be heard to say that he is unlawfully detained under such charge.
It is clear, however, that his indeterminate sentence of from six months to twenty-five years is illegal, since it exceeds the maximum prescribed by law for a violation of § 847.01.
Accordingly, it is ordered that petitioner be and he is hereby remanded to the custody of the respondent with directions that he be presented to the Criminal Court of Record of Palm Beach County, Florida, for the imposition of judgment and the appropriate sentence pursuant to § 847.01, supra. Such judgment and sentence should be entered nunc pro tunc as of the date of his original sentence so that the petitioner will receive proper credit for the time actually served and for all gain time earned and not forfeited while imprisoned thereunder. See Hodges v. Mayo, supra, 65 So.2d 750.
It is so ordered.
TERRELL, C.J., and HOBSON, DREW and THORNAL, JJ., concur.