QUESTIONS: 1. Must a municipality comply with the prerequisites to annexation prescribed by s. 171.042, F.S. (1974 Supp.), prior to annexing an area pursuant to s. 171.044, F.S. (1974 Supp.), as amended by Ch. 75-297, Laws of Florida (CS for HB 1231)? 2. Is an area annexed pursuant to s. 171.044, F.S. (1974 Supp.), as amended by Ch. 75-297, Laws of Florida, within the purview of the phrase "area annexed" as utilized in s. 171.062, F.S. (1974 Supp.)? 3. Does s. 171.044, F.S. (1974 Supp.), as amended by Ch. 75-297, Laws of Florida, require the proposed ordinance of annexation referred to therein to be published in its entirety?
SUMMARY: Prior to annexing an area pursuant to s. 171.044, F.S. (1974 Supp.), as amended by Ch. 75-297, Laws of Florida (CS for HB 1231), a municipality is not required to comply with the prerequisites to annexation prescribed by s. 171.042, id. An area annexed pursuant to s. 171.044, F.S. (1974 Supp.), as amended by Ch. 75-297, Laws of Florida, is within the purview of the phrase "area annexed" as utilized in s. 171.062, F.S. (1974 Supp.) The notice of the proposed adoption of an ordinance of annexation required by s. 171.044, F.S. (1974 Supp.), as amended by Ch. 75-297, Laws of Florida, must contain the proposed ordinance in its entirety. AS TO QUESTIONS 1 AND 2: It is a fundamental rule of statutory construction that, where the legislative intent as evidenced by a statute is plain and unambiguous, there is no necessity for any construction or interpretation of the statute and effect need only be given to the plain meaning of its terms. State v. Egan, 287 So.2d 1, 4 (Fla. 1973), and authorities cited therein. As stated in Van Pelt v. Hilliard, 78 So. 693, 694-695
(Fla. 1918), The Legislature must be understood to mean what it has plainly expressed, and this excludes construction. The legislative intent being plainly expressed, so that the act read by itself or in connection with other statutes pertaining to the same subject is clear, certain, and unambiguous, the courts have only the simple and obvious duty to enforce the law according to its terms. Cases cannot be included or excluded merely because there is intrinsically no reason against it. Even where a court is convinced that the Legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity. If a legislative enactment violates no constitutional provision or principle, it must be deemed its own sufficient and conclusive evidence of the justice, propriety, and policy of its passage. Courts have then no power to set it aside or evade its operation by forced and unreasonable construction. If it has been passed improvidently the responsibility is with the Legislature and not the courts. Whether the law be expressed in general or limited terms, the Legislature should be held to mean what they have plainly expressed, and consequently no room is left for construction. . . . Applying this rule to the instant inquiry, s. 171.044, F.S. (1974 Supp.), as amended by Ch. 75-297, Laws of Florida (CS for HB 1231), provides in pertinent part as follows: 171.044 Voluntary Annexation. — (1) The owner or owners of real property in an unincorporated area of a county which is contiguous to a municipality may petition the governing body of said municipality that said property be annexed to the municipality. (2) Upon determination by the governing body of the municipality that the petition bears the signatures of all owners of property in the area proposed to be annexed, the governing body may, at any regular meeting, adopt a nonemergency ordinance to annex said property and redefine the boundary lines of the municipality to include said property. Said ordinance shall be passed after same has been published once a week for four consecutive weeks in some newspaper in such city or town; or if no newspaper is published in said city or town, then in a newspaper published in the same county; and if no newspaper is published in said county, then at least three printed copies of said ordinance shall be posted for four consecutive weeks at some conspicuous place in said city or town. Nowhere in the foregoing provision is it required that, prior to annexing an area pursuant thereto, a municipality comply with the prerequisites to annexation prescribed by s. 171.042, F.S. (1974 Supp.), as amended by Ch. 75-297, Laws of Florida. Nor do I find such requirement elsewhere in Ch. 171, id. See s. 171.042, which provides in pertinent part that, "[p]rior to commencing the annexation procedures under s.171.0413 [involuntary annexation], the governing body of the municipality shall prepare a report setting forth the plans to provide urban services to any area to be annexed. . . ." (Emphasis supplied.); and Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952), stating the rule of statutory construction that the express mention of one thing is the exclusion of another (expressio unius est exclusio alterius). Thus, I must conclude that, prior to annexing an area pursuant to the aforequoted provision, a municipality is not required to comply with s. 171.042. As to s.171.062, F.S. (1974 Supp.), it provides in pertinent part that (1) An area annexed to a municipality shall be subject to all laws, ordinances, and regulations in force in that municipality and shall be entitled to the same privileges and benefits as other parts of that municipality upon the effective date of the annexation. (2) If the area annexed was subject to a county landuse plan and county zoning or subdivision regulations, said regulations shall remain in full force and effect until otherwise provided by law. However, a municipal governing body shall not be authorized to increase, and is expressly prohibited from increasing, or decrease the density allowed under such county plan and regulations for a period of 2 years from the effective date of the annexation unless approval of such increase is granted by the governing body of the county. The "area annexed" referred to in this provision is not limited by the language thereof to areas annexed pursuant to the involuntary annexation procedure contained in that section of Ch. 75-297, Laws of Florida, to be codified as s. 171.0413, F.S. 1975. Nor do I find such limitation elsewhere in Ch. 171, F.S. (1974 Supp.), as amended by Ch. 75-297. Thus, I am of the opinion that an area annexed pursuant to s. 171.044
(voluntary annexation) is within the purview of the phrase "area annexed" as utilized in s. 171.062. AS TO QUESTION 3: It is a well-settled rule of statutory construction that a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms. Adams v. Culver, 111 So.2d 665, 667 (Fla. 1959), construing ss. 800.04 and 847.01, F.S. 1957. In this situation, "the statute relating to the particular part of the general subject will operate as an exception to or qualification of the general terms of the more comprehensive statute to the extent only of the repugnancy, if any." Stewart v. DeLand-Lake Helen, etc.,71 So. 42, 47 (Fla. 1916), quoting State ex rel. Loftin v. McMillan,45 So. 882 (Fla. 1908); American Bakeries Co. v. City of Haines City, 180 So. 524 (Fla. 1938). Applying this rule to the instant inquiry , s. 166.041, F.S., establishes a uniform procedure for the adoption of all municipal ordinances. Attorney General Opinion 074-371. Such uniform procedure includes the requirement that a proposed ordinance . . . be read by title, or in full, on at least two separate days and shall, at least fourteen days prior to adoption be noticed once in a newspaper of general circulation in the municipality. The notice of proposed enactment shall state the date, time, and place of the meeting, the title or titles of proposed ordinances and the place or places within the municipality where such proposed ordinances may be inspected by the public. Said notice shall also advise that interested parties may appear at the meeting and be heard with respect to the proposed ordinance. (Emphasis supplied.) [Section 166.041(3)(a), F.S.] In contrast, s. 171.044, F.S. (1974 Supp.), as amended by Ch. 75- 297, Laws of Florida, states in pertinent part that "[s]aid ordinance [of annexation] shall be passed after same has been published once a week for four consecutive weeks in some newspaper in such city or town. . . ." (Emphasis supplied.) This language clearly contemplates that an ordinance of annexation adopted pursuant to s. 171.044 be published in its entirety. Thus, since s. 171.044 relates to a particular part (i.e., the procedure for the adoption of an ordinance of voluntary annexation) of the general subject treated in s. 166.041, F.S. (i.e., the procedure for the adoption of ordinances generally), I am of the opinion that s. 171.044 controls over s. 166.041 to the extent of any conflict between the two statutes; and that, accordingly, the notice of the proposed adoption of an ordinance of annexation required by s. 171.044 must contain the proposed ordinance in its entirety. Your third question is answered in the affirmative.