Mr. Reese Marshall Commission Chairperson Florida Commission on Human Relations 2562 Executive Center Circle, East Suite 100, Montgomery Building Tallahassee, Florida 32301-5084
Dear Mr. Marshall:
This is in response to your request for an opinion on substantially the following questions:
 1. DOES s 23.166(11), F.S., IN CONJUNCTION WITH 42 U.S.C.S. s 2000e-8(e) AND THE WORK-SHARING AGREEMENT ENTERED INTO BETWEEN THE COMMISSION ON HUMAN RELATIONS AND THE FEDERAL EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, OPERATE TO EXEMPT FROM FLORIDA'S PUBLIC RECORDS ACT DOCUMENTS PROVIDED TO THE COMMISSION BY THE EEOC?
 2. MAY THE FLORIDA COMMISSION ON HUMAN RELATIONS LAWFULLY WITHHOLD INFORMATION OTHERWISE AVAILABLE PURSUANT TO THE PUBLIC RECORDS ACT AND s 23.167(14), F.S., BECAUSE OF THE RESTRAINTS IMPOSED UPON THE COMMISSION BY THE WORK-SHARING AGREEMENT AND 42 U.S.C.S. s 2000e-8(e)?
 3. IF THE ANSWER TO QUESTION NUMBER 2 IS IN THE NEGATIVE, WOULD THE COMMISSION BE IN BREACH OF ITS WORK-SHARING AGREEMENT WITH THE EEOC TO DISCLOSE SUCH INFORMATION?
According to your letter, you perceive a possible conflict between the provisions of s 23.167(14), F.S., and 42 U.S.C.S. s 2000e-8(e). As a deferral agency for the Equal Employment Opportunity Commission (the EEOC), the Florida Commission on Human Relations (the commission) receives information, records and reports from the federal agency. Section 23.167(14), F.S., imposes a requirement of confidentiality on all records and documents in the custody of the commission which relate to and identify a particular complainant, employer, employment agency, labor organization or joint labor-management committee, but this restriction does not apply to any record or document which is a part of the record of any hearing or court proceeding. You state that any disclosure of such documents or records containing such information would possibly be in violation of 42 U.S.C.S. s 2000e-8(e) making it unlawful for any employee or officer of the EEOC to make public any information obtained by the EEOC pursuant to its authority regarding unfair employment practices prior to the institution of a proceeding under the federal act. You also state that disclosure of such information would appear to be in violation of Article IX of the work-sharing agreement entered into between the commission and the EEOC which provides that:
Exchange of Records, Information and Services.
 Each party hereto will exert its best efforts to comply with any request made by the other for such records, information or advise [sic] as will advance their mutual objectives; the party receiving such requested records or other information will maintain them in accordance with the requirements of confidentiality imposed by law. (e.s.)
As you have related in your letter, a possibility of conflict between the disclosure provisions of s 23.167(14), F.S., and the federal statute which makes disclosure unlawful exists whenever an investigation conducted by the commission contains information furnished by the EEOC and such information becomes part of a record of a hearing or court proceeding under Florida law prior to the institution of an action under the federal act.
Pertinent to your inquiry, s 23.167(14), F.S., provides:
 All complaints filed with the commission under this part, and all records and documents in the custody of the commission, which relate to and identify a particular complainant, employer, employment agency, labor organization, or joint labor-management committee shall be confidential and shall not be disclosed by the commission, except to the parties or in the course of a hearing or proceeding under this part. The restriction of this subsection shall not apply to any record or document which is part of the record of any hearing or court proceeding. (e.s.)
(The provisions of Part IX, Ch. 23, F.S., the Human Rights Act of 1977, have been tentatively transferred to ss 760.01-760.10, F.S. See, 1983 Digest of General Laws, prepared by Statutory Revision Division of the Joint Legislative Management Committee. Section 23.167[14], F.S., has been tentatively renumbered s760.10, F.S.) See also, s 22T-6.07(2), F.A.C., (Rules of the Department of Administration promulgated for the Florida Commission on Human Relations) which states, inter alia, that:
 All complaints filed pursuant to Section 22T-9.01 and all related records and documents in the custody of the Commission which relate to and identify a person shall be confidential, unless the record or document is made part of the record of any hearing or court proceeding.
Pursuant to s 23.166(11), F.S., the commission is empowered to become a deferral agency for the federal government and to comply with the necessary federal regulations to effectuate Part IX, Ch.23, F.S. The procedures to be followed by the EEOC in deferring to state and local fair employment practice agencies are set out in 29 C.F.R. s 1601.13. The federal regulations provide that it is the intent of the EEOC to encourage the maximum degree of effectiveness in such state and local agencies by providing them an opportunity to remedy alleged discrimination which is concurrently regulated by federal, state or local law. See, 29 C.F.R. s 1601.13(a)(4)(i). See also, 42 U.S.C.S. s 2000e-8(b), which states in pertinent part that "the Commission (EEOC) may enter into written agreements with such State or local agencies (as are charged with the administration of state fair employment practices laws) and such agreements may include provisions under which the Commission shall refrain from processing a charge in any cases or class of cases specified in such agreements . . . ." States and their political subdivisions are granted the exclusive right to process allegations of discrimination filed by a person other than an EEOC Commissioner for a period of 60 days, and this right exists where a state or local law prohibits the employment practice alleged to be unlawful and the state or local agency has been authorized to grant or seek relief. See, 29 C.F.R. s 1601.13(a)(4)(ii). And see, s 23.167, F.S., which describes what constitutes an unlawful employment practice in this state and s 23.166, F.S., setting forth the powers of the Florida Commission on Human Relations and particularly subparagraph (5) which states that the commission shall have the power to receive, initiate, investigate, seek to conciliate, hold hearings on, and act upon complaints alleging any discriminatory practice, as defined by Part IX, Ch. 23, F.S. "Discriminatory practice" is defined by s 23.162(3), F.S., to mean any practice made unlawful by Part IX of Ch. 23, F.S.
Pursuant to 42 U.S.C.S. s 2000e-8(d), the EEOC is required to furnish information, upon request and without cost, to any state or local agency charged with the administration of a fair employment practice law, when such information is obtained pursuant to the recordkeeping and reporting requirements of this section (s 2000e-8[c], from any employer, employment agency, labor organization, or joint labor-management committee subject to the jurisdiction of such agency. This subsection further provides that "[s]uch information shall be furnished on condition that it not be made public by the recipient agency prior to the institution of aproceeding under State or local law involving such information." (e.s.) Therefore, there does not appear to be any proscription under this section precluding or prohibiting the release of such information as described in 42 U.S.C.S. s 2000e-8(c) upon the institution of a proceeding under a state or local fair employment practice law. See also, 29 C.F.R. s 1601.22 which provides, interalia, that the provision for confidentiality of information does not apply to earlier disclosures to charging parties, their attorneys or to witnesses where disclosure is deemed necessary and that in addition this provision does not apply to earlier disclosures to representatives of interested federal, state and local authorities as may be appropriate or necessary to carrying out the EEOC's function nor does the provision apply "to the publication of data derived from such information in a form which does not reveal the identity of charging parties, respondents, or persons supplying the information."
It is clear from a reading of 42 U.S.C.S. s 2000e-8(d) that the disclosure of such information as is required by the last sentence of s 23.167(14), F.S., is authorized and is not made unlawful.
It is a generally recognized rule of statutory construction that a statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms, and such statute relating to the particular part of a general subject will operate as an exception to or qualification of the general terms of a more comprehensive statute to the extent only of the repugnancy. See, State v. McMillan,45 So. 882 (Fla. 1908); American Bakeries Co. v. Haines City,180 So. 524 (Fla. 1938); Adams v. Culver, 111 So.2d 665 (Fla. 1959). Therefore, with regard to the applicability of s 2000e-8(e) to the instant inquiry, s 2000e-8(d) which specifically authorizes such disclosure would operate to qualify the more general terms of s 2000e-8(e) making it unlawful for any officer or employee of the EEOC to make public, in any manner whatever, any information obtained by the EEOC prior to the institution of any proceeding under 42 U.S.C.S. s 2000e, et seq., involving such information and, to the extent of any inconsistency or repugnancy, the provisions of s 2000e-8(d) would control.
In sum, the provisions of s 23.167(14), F.S., making all complaints filed with the Florida Commission on Human Relations and all records and documents in the custody of the commission relating to and identifying a particular complainant, employer, employment agency, labor organization or joint labor-management committee confidential, and prohibiting the disclosure of such records and documents containing such information except to the parties or in the course of a hearing or proceeding under Part IXof Ch. 23, F.S., when read together with 42 U.S.C.S. s 2000e-8(d), stating that information provided by the EEOC to state or local agencies charged with administration of a fair employment practice law may not be made public prior to the institution of aproceeding under state or local law, does not operate to exempt or except from public inspection and disclosure documents provided by the EEOC to the Florida Commission on Human Relations when such records or documents become part of the record of any hearing or court proceeding. Prior to the initiation of a proceeding under the state law such information would appear to be governed by the terms and conditions of 42 U.S.C.S. s 2000e-8(d) and also would appear to qualify as "complaints filed with the commission under [Part IX, Ch. 23, F.S.], and . . . records and documents in thecustody of the commission, which relate to and identify a particular complainant, employer, employment agency, labor organization, or joint labor-management committee" (e.s.) and, as such, would be confidential and not subject to disclosure by the commission. See, s 119.07(3)(a), F.S., stating that all public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the requirements for inspection and disclosure set forth in s 119.07(1), F.S. The commission may not lawfully withhold information (after the commencement of a proceeding or hearing) which, pursuant to s 23.167(14), F.S., and 42 U.S.C.S. s 2000e-8(d), is not excepted or exempted from disclosure under the Public Records Law. Further, the Florida Commission on Human Relations would not be in violation of Article IX of the work-sharing agreement entered into between the commission and the EEOC as the disclosure of such information is specifically excepted (by both federal and state law) from the requirements of confidentiality after initiation of a proceeding under state law.
Therefore, it is my opinion, that no requirement of confidentiality pursuant to s 23.167(14), F.S., or 42 U.S.C.S. s 2000e-8 is imposed upon records or documents or information contained therein received from the Equal Employment Opportunity Commission by the Florida Commission on Human Relations after initiation of a proceeding under the Florida Human Rights Act of 1977, Part IX of Ch. 23, F.S., or which have become a part of the record of any hearing or court proceeding; disclosure of such records or documents or information contained therein in these circumstances is authorized under the governing federal and state statutory provisions and is not in contravention of Article IX of the work-sharing agreement entered into between the Florida Commission on Human Relations and the United States Equal Employment Opportunity Commission.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General