To: Mr. Michael Mattimore Chairman Public Employees Relations Commission
QUESTIONS:
1. In view of the provisions of Ch. 87-238, Laws of Florida [codified as s. 110.1127(3)(a)4., F.S.], which prohibit an employee who has been the subject of a "confirmed" report of abuse or neglect from employment in his or her former position, is the Public Employees Relations Commission (commission) divested of its authority to order reinstatement or reduce a dismissal to a suspension in such cases?
2. If so, what is the meaning of the provision of Ch. 87-238, Laws of Florida, that "the hearing by the Public Employees Relations Commission may not be held until the confirmed report of abuse or neglect has been upheld pursuant to the procedures for appeal in ss. 415.103 and 415.504?"
3. Assuming that the commission has jurisdiction to hear the appeal of an employee who has been the subject of a "confirmed" abuse report, and has applied for an exemption and been denied because he could not present clear and convincing evidence that an exemption is justified, what evidentiary standard should apply in the proceeding before the commission (or for that matter, the Ch.120, F.S., proceeding prescribed by Ch. 87-238, Laws of Florida): clear and convincing evidence, or a preponderance of the evidence?
4. If a dismissed Department of Health and Rehabilitative Services (HRS) employee with a confirmed record of client abuse has been granted an exemption, does the commission have the authority to consider the employee's contention that he is entitled to back pay and other benefits for any portion of the period during which he was unemployed?
SUMMARY:
1. The Public Employees Relations Commission may only reinstate an employee disqualified from employment pursuant to s. 110.1127(3), F.S., if it determines that "just cause" did not exist for the dismissal. Specific statutory provisions require that an employee with a confirmed report of abuse be disqualified from employment, with exemptions to be granted only by HRS. Thus, the commission does not have the authority to order reinstatement or reduce a dismissal to a suspension in cases where "just cause" is found to support the dismissal.
2. The commission's jurisdiction to hear appeals from cases involving allegations of abuse or neglect under s. 415.103, F.S., or s. 415.504, F.S., is limited to those cases in which the review procedures contained in those sections have been followed and the confirmed report of abuse or neglect has been upheld.
3. The commission's jurisdiction does not extend to reviewing denials of exemptions from disqualification pursuant to s.110.1127(3), F.S. Thus, no answer to this question is necessary.
4. The commission's authority to order reinstatement of an employee, with or without back pay, is limited to those instances in which "just cause" did not exist to justify the dismissal. Thus, the commission has no authority to award back pay for the period during which the employee is disqualified from employment.
AS TO QUESTION 1:
Section 447.207(8), F.S., provides that the commission
 shall hear appeals arising out of any suspension, reduction in pay, transfer, layoff, demotion, or dismissal of any permanent employee in the State Career Service System.[1]
With respect to hearings related to suspensions or dismissals, the commission has limited discretion to reduce a dismissal to a suspension.[2]
Section 110.1127(3), F.S., mandates that persons who have a confirmed report of abuse, neglect, or exploitation are disqualified from employment in the positions of special trust or responsibility set forth in the statute.[3] The only exception to this prohibition allows HRS to grant an exemption from the disqualification.[4] In order to grant such an exemption, HRS must have "clear and convincing evidence to support a reasonable belief that the person is of good character as to justify an exemption."[5]
I cannot conclude that the general provisions of Ch. 447, F.S., setting out the powers of the commission would override the clear prohibition against employment of disqualified persons set forth in s. 110.1127(3), F.S.[6] Thus, the commission's authority would appear to be limited to determining whether the grounds for the disqualification were valid.
In reviewing a dismissal, the commission would have to determine if "just cause" supported the dismissal of the employee.[7] In doing so, it would appear that the commission should review whether HRS had shown by a preponderance of the evidence that the alleged perpetrator committed the abuse or neglect.[8] As a result, I must conclude that the commission does not possess the discretion to reduce a dismissal to a suspension in cases where the confirmed report has been upheld and the commission has found the existence of just cause to support the action. In those cases where there is a determination that no just cause for the dismissal existed, however, the commission may order the reinstatement of the employee with or without back pay.[9]
AS TO QUESTION 2:
Your second question concerns an interpretation of the commission's jurisdiction to hear appeals from cases based upon allegation of abuse or neglect under s. 415.103, F.S., or s. 415.504, F.S. In appeals arising from such cases, s. 447.208(1), F.S., provides that the hearing by the commission "may not be held until the confirmed report of abuse or neglect has been upheld pursuant to the procedures for appeal in ss. 415.103 and 415.504."
Thus, the statute clearly states that only after a classification[10]
has been upheld by the procedures set forth in s. 415.103, F.S., or s. 415.504, F.S., is the commission authorized to hear an appeal from a dismissal of a career service employee under the provisions of s. 110.1127(3), F.S.[11] Thereafter, the commission has jurisdiction to hear an appeal from a disqualification based upon a "confirmed" report of abuse or neglect and to determine if "just cause" supported the disqualification.
AS TO QUESTION 3:
In your third question, you assume that the commission has jurisdiction to hear appeals from the denial of a request for an exemption from disqualification from employment with HRS. For the following reason, I must conclude that the commission does not have jurisdiction to review such a denial.
A person disqualified from employment because of a confirmed report of abuse may request an exemption from HRS. In order to grant the exemption, HRS must have clear and convincing evidence of rehabilitation, including, but not limited to, the circumstances surrounding the incident, the time period that has elapsed since the incident, the nature of the harm occasioned to the victim, and the history of the person since the incident, or such other circumstances that shall by the aforementioned standards indicate that the person will not present a danger to the safety or well-being of children. The decision of the department regarding an exemption may be contested through the hearing procedures set forth in chapter 120.[12] (e.s.)
Based upon the above provision, it appears clear that a person who has been denied an exemption must use the administrative remedies provided in Ch. 120, F.S., to contest HRS's action, rather than seek appellate review before the commission.[13] Accordingly, inasmuch as I am of the opinion that the commission does not have the authority to review the denial of an exemption, no discussion of your third question is necessary.
AS TO QUESTION 4:
You ask if the commission has the authority to order back pay for a disqualified employee who has been granted an exemption for the period during which the employee was unemployed because of his or her disqualification.
A prerequisite to obtaining an exemption from disqualification as provided in s. 110.1127(3)(b)2., F.S., is that the person requesting the exemption have a confirmed report of abuse which has been uncontested or upheld pursuant to the procedures provided in Ch. 415, F.S.[14] As previously discussed, the commission's review would appear to be limited to determining whether just cause existed for the dismissal. Similarly, the commission's discretion to order reinstatement of the employee, with or without back pay, could be exercised only upon a finding that "just cause" did not exist.[15]
As I concluded in Question Three, the commission does not have the authority to review denial of exemptions; likewise, the commission's jurisdiction would not include review of exemptions which have been granted. Inasmuch as the individual is statutorily prohibited from holding a position of special trust with HRS until the exemption is granted, the commission would appear to be without the authority to authorize back pay to the employee for that period.
Sincerely,
Robert A. Butterworth Attorney General (ls)
[1] See, s. 447.207, F.S., generally, setting out the powers and duties of the Public Employees Relations Commission.
[2] See, s. 447.208(3)(c), F.S., providing "[u]pon a finding that just cause for disciplinary action existed, but did not justify the severity of the action taken, the commission may, in its limited discretion: 1. Reduce a dismissal to a suspension for such time as the commission may fix; or 2. Reduce the period of a suspension." See also, s. 447.208(3)(d)1.-4., F.S., limiting the commission's discretion to consider only the following circumstances: The seriousness of the conduct in relation to the duties and responsibilities of the employee; action taken with respect to employees with similar conduct; the employee's previous employment and disciplinary records; and extraordinary circumstances which temporarily diminished the employee's capacity to effectively perform his or her duties or which substantially contributed to the violation.
[3] See, s. 110.1127(3)(a), F.S., providing, within the Department of Health and Rehabilitative Services, all positions in programs providing care to children and developmentally disabled persons for 15 or more hours per week to be positions of special trust or responsibility. See also, ss. 415.103 and 415.504, F.S., respectively providing: The procedure for the investigation of known or suspected abuse or neglect of children, aged persons or disabled adults; the procedure for amendment or expunction of the report; and administrative review of the department's failure or refusal to act upon an amendment or expunction.
[4] Section 110.1127(3)(b)1.f., F.S.
[5] Section 110.1127(3)(b)2., F.S.
[6] See, Adams v. Culver, 111 So.2d 665 (Fla. 1959) (where a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms).
[7] Section 447.208(3)(a), F.S., provides with respect to a hearing related to suspensions or dismissals that "[u]pon a finding that just cause existed for the suspension or dismissal, the commission shall affirm the suspension or dismissal." Section447.208(3)(b), F.S., provides "[u]pon a finding that just cause did not exist for the suspension or dismissal, the commission may order the reinstatement of the employee, with or without back pay."
[8] See, ss. 415.103(3)(d)5. and 415.504(4)(d)5., F.S., respectively providing that the Department of Health and Rehabilitative Services is required to prove by a preponderance of the evidence that the perpetrator committed the abuse or neglect.
[9] Section 447.208(3)(b), F.S., provides "[u]pon a finding that just cause did not exist for the suspension or dismissal, the commission may order the reinstatement of the employee, with or without back pay."
[10] Sections 415.103(3)(c) and 415.504(4)(c), F.S., provide upon completion of the investigation, reports shall be classified as "confirmed," "indicated," or "unfounded."
[11] See, Thayer v. State, 335 So.2d 815 (Fla. 1976) (where statute enumerates those things upon which it operates or forbids certain things, it is ordinarily construed as excluding from its operation all those things not expressly mentioned); Alsop v. Pierce,19 So.2d 799 (Fla. 1944) (where the Legislature has directed how a thing shall be done, it is effectively a prohibition against its being done any other way).
[12] Section 110.1127(3)(b)2., F.S.
[13] See, Alsop v. Pierce, supra.
[14] See, s. 110.1127(3)(b)1.f., F.S., supra.
[15] See, s. 447.208(3)(b), F.S., supra.