Mr. Stephen A. Melnick Legal Advisor Boca Raton Police Services 1000 Northwest Second Avenue Boca Raton, Florida 33432-3799
Dear Mr. Melnick:
As legal advisor to Boca Raton Police Services, you have asked for my opinion on substantially the following question:
Does section 901.15(7)(a), Florida Statutes, as amended,[1]
authorize a law enforcement officer to make an arrest for a battery that does not occur in the officer's presence?
In sum:
Section 901.15(7)(a), Florida Statutes, as amended, authorizes a law enforcement officer to arrest a person without a warrant for a battery as defined in section 784.03, Florida Statutes, when the crime is committed outside the officer's presence.
Section 901.15(7)(a), Florida Statutes (1995), authorized a law enforcement officer to arrest a person without a warrant when:
"There is probable cause to believe that the person has committed an act of domestic violence, as defined in s. 741.28, or child abuse, as defined in s. 827.04(2) and (3), or any battery upon another person, as defined in s. 784.03, and the law enforcement officer reasonably believes that there is danger of violence unless the person alleged to have committed the act of domestic violence, child abuse, or battery is arrested without delay."
The statute was amended and reorganized in 1996 and now reads in part as follows:
"A law enforcement officer may arrest a person without a warrant when:
(7) There is probable cause to believe that the person has committed: (a) An act of domestic violence, as defined in s.741.28; (b) Child abuse, as defined in s. 827.04(2) and (3); or (c) Any battery upon another person, as defined in s. 784.03. . . ."[2]
The statute does not require that such an offense occur in the officer's presence. Other provisions of section 901.15, Florida Statutes, do specifically require that certain crimes be committed in the officer's presence in order to justify a warrantless arrest.[3] However, section 901.15(7) is directed particularly to the crimes of domestic violence, child abuse, and battery. It is the rule that a statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms, and the statute relating to the particular part of a general subject will operate as an exception to or qualification of the general terms of a more comprehensive statute to the extent only of the repugnancy.[4]
Thus, although subsections (1) and (7) of section 901.15, Florida Statutes, both authorize the warrantless arrest of a person who has committed a misdemeanor, only subsection (1) requires generally that the misdemeanor be committed in the presence of the officer. Subsection (7) authorizes such an arrest for a misdemeanor battery whether or not the officer has witnessed the commission of the crime.
Therefore, it is my opinion that section 901.15(7)(a), Florida Statutes, as amended, authorizes a law enforcement officer to arrest a person without a warrant for a misdemeanor battery, as defined in section 784.03, Florida Statutes, even when the crime is committed outside the officer's presence, if the officer has probable cause to believe that the person has committed the battery.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 901.15(7)(a), Fla. Stat. (1995), was amended by s. 4, Ch. 96-215, Laws of Florida; s. 8, Ch. 96-392, Laws of Florida; and s. 24, Ch. 96-322, Laws of Florida.
[2] See, s. 8, Ch. 96-392, Laws of Florida, which represents the final codification of the changes made to s. 901.15(7), Fla. Stat.
[3] See, s. 901.15(1), Fla. Stat. (1995), which authorizes the warrantless arrest of a person when "[t]he person has committed a felony or misdemeanor or violated a municipal or county ordinance in the presence of the officer. An arrest for the commission of a misdemeanor or the violation of a municipal or county ordinance shall be made immediately or in fresh pursuit."
[4] See, State v. McMillan, 45 So. 882 (Fla. 1908); AmericanBakeries Co. v. Haines City, 180 So. 524 (Fla. 1938); Adams v.Culver, 111 So.2d 665 (Fla. 1959).