737 So.2d 1106 (1998)
William BURNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1658.
District Court of Appeal of Florida, First District.
October 15, 1998.
*1107 Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and J. Ray Poole, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, William Burnett, appeals two of his three convictions for lewd and lascivious conduct in the presence of a minor.[1] The State charged appellant, among other things, with two violations of section 800.04(4), Florida Statutes (1995), for displaying adult videos to two minors and watching the videos with them. At the close of evidence, appellant moved for a judgment of acquittal on the grounds that the State had failed to produce any evidence of a lewd or lascivious act. The trial court denied the motion, and the jury returned a verdict of guilty on both charges. We reverse.
"It is a well settled rule of statutory construction ... that a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms." Adams v. Culver, 111 So.2d 665, 667 (Fla.1959). The only evidence with regard to the charges stated in counts two and three was that appellant had shown two adult videos to minors. Because the charges brought against appellant were specifically prohibited in section 847.0133, Florida Statutes (1995), the State could not legally convict appellant of a violation of section 804.04(4) based on that evidence alone. Id. Thus, the State failed to offer any evidence of lewd or lascivious conduct in support of these two charges. The trial court should have granted appellant's motion for judgment of acquittal. Because the decision should not have reached the jury and because appellant was not charged with a violation of section 847.0133,[2] we decline to decide whether appellant violated that statute. Accordingly, we reverse the convictions as to counts two and three, affirm appellant's other convictions, and remand for entry of judgments of acquittal on both counts and resentencing.
MINER and WEBSTER, JJ., and SMITH, LARRY G., Senior Judge, CONCUR.
NOTES
[1] In addition to the convictions for lewd and lascivious behavior, the jury also found appellant guilty on one count of trespassing, which has not been appealed.
[2] Appellant was charged with a violation of this statute for a separate incident, and the jury found him not guilty.