813 So.2d 993 (2002)
STATE of Florida, Appellant,
v.
Dale CROY, Appellee.
No. 1D01-1357.
District Court of Appeal of Florida, First District.
March 20, 2002.
*994 Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellant.
R. Vinson Barrett of Eubanks & Barrett, Tallahassee, for Appellee.
BENTON, J.
The state appeals the post-trial grant of motions to dismiss and for judgment of acquittal. See §§ 924.07(1)(a) and (j), Fla. Stat. (2001) ("The state may appeal from: (a) An order dismissing an ... information... (j) A ruling granting a motion for judgment of acquittal after a jury verdict.").
The jury found Dale E. Croy "guilty as charged of Participation in an Illegal Lottery," on an information alleging a violation of section 849.09(1)(d), Florida Statutes (1999), which makes setting up, promoting, or conducting a lottery, or aiding or assisting "in the setting up, promoting, or conducting of any lottery or lottery drawing, whether by writing, printing, or in any other manner whatsoever, or be[ing] interested in or connected in any way with any lottery or lottery drawing" a felony.[1]
*995 In granting the motions the state complains about on appeal, the trial court proceeded on the theory that the state failed first to plead then to prove that the pyramid scheme in which Mr. Croy concededly participated (and on account of which he lost $2,500.00) constituted a "lottery."
The learned trial judge's theory does not, however, square with the unambiguous statutory pronouncement that the "organization of any ... pyramid club ... is hereby declared to be a lottery." § 849.091(1), Fla. Stat. (1999) (providing that "whoever shall participate in any such lottery by becoming a member of, or affiliating with, any such group or organization or who shall solicit any person for membership or affiliation ... commits a misdemeanor").[2]Cf. Dep't of Legal Affairs v. Bradenton Group, Inc., 727 So.2d 199, 202 (Fla.1998) (noting bingo's exclusion from the definition of lottery in section 849.09(3)).
Relying on Adams v. Culver, 111 So.2d 665 (Fla.1959), Mr. Croy argues that no prosecution can be maintained under the general lottery statute for any offense pertaining to a pyramid scheme. While Adams does require that, in the absence of textual guidance to the contrary, statutory language defining a general, more serious crime be construed to exclude conduct made criminal by a more specific statute that prescribes less serious punishment, see Burnett v. State, 737 So.2d 1106, 1107 (Fla. 1st DCA 1998); contra Seybel v. State, 693 So.2d 678, 679 (Fla. 4th DCA 1997), the Adams decision rests on canons of statutory construction, not on any doctrinally independent constraint on prosecutorial discretion. See Adams, 111 So.2d at 667. The decision in Adams, concerns how criminal statutes are to be construed, see McKendry v. State, 641 So.2d 45, 46 (Fla.1994); State v. Parsons, 569 So.2d 437, 438 (Fla.1990), and does not purport to curtail the discretion to prosecute fully offenses a statute duly proscribes.
The decision in Adams does not support Mr. Croy's contention in the present case that the misdemeanor provision addressed to pyramid schemes, section 849.091, removes pyramid schemes from the purview of the general lottery statute, section 849.09, altogether. The explicit language in section 849.091(1) declaring that pyramid schemes ("organization of any ... pyramid club") are lotteries[3] places pyramid schemes within the ambit of the general felony lottery statute, excepting only such conduct as the misdemeanor statute proscribes itself.
His arguments to the contrary notwithstanding, evidence was adduced at *996 trial from which the jury might have concluded that Mr. Croy's organizational and other activities, including speeches at various meetings in which he identified himself as a former investigator with the state attorney's office and assured dozens of persons that the Gifts From The Heart pyramid club was perfectly lawful, amounted to more than simple participation in the pyramid club or mere solicitation to join, both proscribed by the misdemeanor statute, section 849.091(1), Florida Statutes (1999); and constituted instead the felony of promoting or conducting or assisting in the promotion or conduct of a pyramid scheme (defined by statute as a lottery) in violation of section 849.09(1)(d), Florida Statutes (1999).
The state charged a felony violation by tracking language from section 849.09(1), thereby conferring jurisdiction on the circuit court. See Fike v. State, 474 So.2d 1192, 1192 (Fla.1985) (holding circuit court's jurisdiction properly invoked by information alleging defendant had committed either a felony or a misdemeanor). The jury then found Mr. Croy guilty as charged on evidence adequate to support the felony charge.[4]
Reversed and remanded.
WEBSTER, J., and SMITH, LARRY G., Senior Judge, concur.
NOTES
[1] The information originally charged violations both of subsections 849.09(1)(a) and (d), Florida Statutes (1999), but the trial court granted a motion for judgment of acquittal as to section (1)(a), before the case went to the jury. The state has made no effort to appeal the order granting the motion for judgment of acquittal as to section 849.09(1)(a), Florida Statutes (1999). See Hudson v. State, 711 So.2d 244, 246 (Fla. 1st DCA 1998) (holding that section 924.07(1)(j) "plainly contemplates appeal from a judgment of acquittal only if the judgment of acquittal follows a guilty verdict").
[2] Section 849.091(1), Florida Statutes (1999), addresses

any chain letter club, pyramid club, or other group organized or brought together under any plan or device whereby fees or dues or anything of material value to be paid or given by members thereof are to be paid or given to any other member thereof, which plan or device includes any provision for the increase in such membership through a chain process of new members securing other new members and thereby advancing themselves in the group to a position where such members in turn receive fees, dues, or things of material value from other members....
[3] As defense counsel acknowledged at oral argument, the jury instructions ultimately given did not rely on the statutory declaration that a pyramid scheme constitutes a lottery.
[4] Any ambiguity inherent in the verdict is directly attributable to the defense's taking the position below that the felony statute had no application to pyramid clubs whatsoever, and that the misdemeanor offense was not, therefore, a lesser included offense.

Only on the theory that a pyramid club could not be a lottery did the defense object at trial to the jury instructions as permitting a felony conviction for conduct proscribed as a misdemeanor.