ALLEN, C.J.
The state appeals an order dismissing six counts of a criminal information filed against the appellee, based on acts committed while the appellee served as a coun *816 ty commissioner. We conclude that the trial court correctly determined that section 112.061(10), Florida Statutes, provides the exclusive means of prosecution for the alleged acts, and that, the six counts charging other offenses were properly dismissed.
The appellee was charged with official misconduct and multiple counts of grand theft and petit theft. He filed a motion to dismiss, and it was indicated that the charged crimes were predicated on allegations involving false reimbursement claims on travel vouchers submitted in connection with the appellee’s status as a public officer. The appellee maintained that the offense identified in section 112.061(10) is the appropriate charge for these acts, with the legislature having made this the pertinent charge to the exclusion of other offenses identified in the general laws of this state. Section 112.061 is á comprehensive enactment relating to the per diem and travel expenses of public officers and employees, with subsection (10) addressing fraudulent claims and providing that one who willfully makes and subscribes such a claim as to a material matter which he does not believe to be true and correct “is guilty of a misdemean- or of the second degree, punishable as provided in s. 775.082 or s. 775.083.” This subsection (10) offense is thus distinguished from the dismissed charges here, which were brought under other criminal provisions in the general laws and which involve various criminal penalties.
The state suggests that section 112.061(10) could be treated as merely providing an alternative means of prosecution for the alleged acts. However, section 112.061(l)(b)l clearly and explicitly states a legislative intent that (in the absence of a specific exemption) the “provisions of this section shall prevail over any conflicting provisions in a general law, present or future, to the extent of the conflict ....” The state would treat this expression of intent as relating to the per diem and travel expense rate and reimbursement process apart from the fraudulent claims provision in subsection (10), but the state’s approach does not accord with the unambiguous language of subsection (l)(b)l which in referring to “this section” encompasses all of section 112.061 including subsection (10)[1]. Indeed, the breadth of the legislative intent expressed by subsection (l)(b)l is emphasized by the directive therein that the provisions of section 112.061 shall prevail even as to conflicts which arise in the future. Furthermore, subsection (l)(b)l was enacted at the same time and as part of the same legislative bill which enacted subsection (10)[2], and we will not presume that the legislature was unmindful of the interplay between these two subsections.
The section 112.061(10) offense would appear to be complete upon the wrongful submission of a fraudulent claim, without regard to whether an improper reimbursement is ultimately obtained. The theft statute under which the appellee was charged likewise describes an offense which may be completed when one endeavors to obtain property, without regard to whether such property is ultimately obtained. See § 812.014(1), Fla. Stat. Insofar as the acts alleged here involve a wrongful attempt to obtain reimbursement through the submission of fraudulent claims, the charged thefts are subsumed within the section 112.061(10) offense *817 which is given priority by the exclusivity provision in section 112.061(l)(b)l. The official misconduct offense is similarly completed upon the knowing falsification of an official record, with a corrupt intent to obtain a benefit. See § 839.25(1), Fla. Stat. Such misconduct is thus also subsumed within the section 112.061(10) offense.
The exclusive application of section 112.061(10) here is consistent with the principle of criminal law which ordinarily gives controlling effect to the particular and specific statutory proscriptions addressing acts which otherwise might also be circumscribed by more general criminal provisions. See Adams v. Culver, 111 So.2d 665 (Fla.1959); Burnett v. State, 737 So.2d 1106 (Fla. 1st DCA 1998); see also State v. Croy, 813 So.2d 993 (Fla. 1st DCA 2002). This also accords with the rule of lenity, which instructs that criminal statutes susceptible of differing constructions are to be interpreted in a manner most favorably to the accused. See State v. Rife, 789 So.2d 288 (Fla.2001); § 775.021(1), Fla. Stat. We therefore conclude that section 112.061(10) is the exclusive means of prosecution for the acts alleged here, and that the other charged offenses were properly dismissed.
The appealed order is affirmed.
WEBSTER and PADOVANO, JJ„ concur.

. As indicated in the preface to the Florida Statutes, the whole decimal number identifies the section, with further designations relating to the textual subdivisions.

. Chapter 63-400, Laws of Florida.